Freeny, Appellant, *v.* Wm. Penn Broadcasting
Co.

Argued September 28, 1955.  Before RHODES, P. J.,
HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN,
JJ.

*J. Ominsky*, with him *Maxwell L. Ominsky* and *Martin Feldman*, for appellant.

*Robert B. Wolf*, with him *Leon Solis-Cohen, Jr.*, and *Wolf, Block, Schorr & Solis-Cohen*, for appellee.

OPINION BY GUNTHER, J., November 16, 1955:

The lower court affirmed the decision of the board to the effect that appellee was neither employer nor statutory employer of appellant.

Irvin Freeny, appellant in this case, was injured while helping to remove two radio transmitters from the studios of Station WPEN. He filed his petition against three alleged employers, Rice, Buxbaum, and WPEN. Henry R. Buxbaum, doing business as an individual, contracted with Mr. Burtis, WPEN's chief engineer, to remove the equipment, and also hired a truck and several helpers from C. N. Rice. Appellant, one of Rice's helpers, alleged that C. N. Rice and Henry R. Buxbaum were his employers, and that WPEN was a statutory employer.

The referee, after hearing, dismissed the claim against Rice and awarded compensation against Buxbaum and WPEN. The board sustained the award against Buxbaum, but reversed as to WPEN.

The record substantiates the findings of fact of the compensation authorities that Buxbaum was an independent contractor. The engineer, Burtis, consulted with Buxbaum as to the result to be achieved, but not as to the methods of accomplishing the work. The testimony is clearly sufficient to warrant the finding

that only Buxbaum exercised and had the right to exercise control. *Mature v. Angelo,* 373 Pa. 593, 85 A. 2d 59. *Hanst v. Swartzfager,* 170 Pa. Superior Ct. 219, 97 A. 2d 639. The burden of proving that he was the employe of the person who had the right of controlling the manner of work is upon the claimant. Where the decision of the Board is against the party having the burden of proof, appellate review is limited to whether the findings of fact are consistent with each other and with the conclusion of law. *Silvers v. Philco Corp.,* 175 Pa. Superior Ct. 246, 103 A. 2d 286.

Claimant also alleges that appellee may be considered a statutory employer. The doctrine of statutory employer is encompassed in Section 302 (b) of the Workmen's Compensation Act, 77 PS 462, as follows:

"An employer who permits the entry upon the premises occupied by him or under his control of a laborer or an assistant hired by an employee or contractor for the performance upon such premises of a part of the employer's regular business entrusted to such employee or contractor shall be conclusively presumed to have agreed to pay such laborer or assistant compensation in accordance with the provisions of Article 3 . . ." The term "contractor" as used in that section of the Act is defined in Section 105, 77 PS 25:

"The term 'contractor' used in Article 2, Section 203, and Article 3, Section 302 (b) shall not include a contractor engaged in an independent business, other than that of supplying laborers or assistants in which he serves persons other than the employer in whose service the accident occurred . . ."

In order, therefore, for appellee to have been a statutory employer, claimant must prove that appellee permitted on premises under its control a worker hired by an employe or contractor to perform work in the course of appellee's regular business. Claimant here

was hired and brought into the premises by Buxbaum, who, as explained above, was an independent contractor. It is clear that independent contractors are not included within the meaning of the term "contractor" as used in Section 302 (b) because of the definition in Section 105 which specifically excludes a "contractor engaged in an independent business." Therefore, appellee was not a statutory employer.

Judgment affirmed.