518 A.2d 302

**John S. ZIZZA, Jr., Appellant,**

v.

**DRESHER MECHANICAL CONTRACTORS, INC. and The Philadelphia Electric Company and Plymouth Transport, Inc.**

**John S. ZIZZA, Jr.**

v.

**DRESHER MECHANICAL CONTRACTORS, INC. and the Philadelphia Electric Company and Plymouth Transport, Inc.**

**Appeal of PLYMOUTH TRANSPORT, INC.**

Superior Court of Pennsylvania.

Argued June 30, 1986.

Filed Nov. 28, 1986.

Robert J. Greenberg, Broomall, for appellant (at 3222) and for appellee (at 3277).

Thomas K. Ellixson, Morton, for appellant (at 3277) and for appellee (at 3222).

Andrew L. Braunfeld, Norristown, for Dresher, appellee.

Kevin Connors, Philadelphia, for Philadelphia Elec., appellee.

Before CIRILLO, President Judge, and WICKERSHAM, BROSKY, McEWEN \*, OLSZEWSKI, MONTEMURO, BECK, KELLY and JOHNSON, JJ.

JOHNSON, Judge:

We are asked to determine whether the owner of a construction site and the contractor on that site qualify as statutory employers of a subcontractor's employee, and are thus immune from an action at law for damages under the Pennsylvania Workmen's Compensation Act (the Act). Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 1, *et seq.* We find that the owner does not qualify as a statutory employer, but that the contractor does qualify as a statutory employer within the meaning of the Act.

This case comes to us on appeal from orders granting motions for summary judgment. Pennsylvania Rule of Civil Procedure 1035 provides that on a motion for summary judgment:

> The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Pa.R.C.P. 1035(b).

The facts viewed in this way are as follows. John Zizza Jr. commenced the instant suit to recover damages from the Philadelphia Electric Company (PECO), Dresher Mechanical Contractors, Inc. (Dresher), and Plymouth Transport, Inc. (Plymouth), for injuries he suffered when a trench that he was digging collapsed and injured his right leg. The injury occurred on the premises of the Cromby Generating Station (station) in Phoenixville, Pennsylvania. At the time of the injury PECO was the owner of the station and its premises. PECO had entered into a contract with Dresher for the provision of mechanical and excavation work at the station, which included installation of underground piping to carry

---

\* McEwen, J. recuses himself.

run-off water from a coal pile to a waste treatment building. Dresher entered into a subcontract with Heller and Karpowich, Inc., for whom Zizza worked at the time of the injury, to provide backfill and excavation work incident to the laying of the run-off piping. At the time Zizza was injured, Plymouth was operating heavy trucks at the site.

The court below granted motions for summary judgment in favor of PECO and Dresher on the basis that each qualified as a statutory employer under the Workmen's Compensation Act, and was therefore immune from suit. Plymouth and Zizza appeal from the orders granting the motions for summary judgment and entering judgment in favor of PECO and Dresher.

We are thus asked to determine whether Dresher and PECO are Zizza's statutory employers within the meaning of the Act.

We address first the question of whether Dresher, the general contractor, qualifies as a statutory employer. The Workmen's Compensation Act, Section 203, establishes the requirements for statutory employer status in negligence actions in the following language:

> An employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employe.

Act of June 2, 1915, P.L. 736, art. II, § 203 *as amended;* 77 P.S. 52. In the seminal case of *McDonald v. Levinson Steel Co.*, 302 Pa. 287, 153 A. 424 (1930), our supreme court enunciated the five elements essential to create the relation of statutory employer under section 203. The court stated them as follows:

> (1) An employer who is under contract with an owner or one in the position of an owner. (2) Premises occupied by or under the control of such employer. (3) A subcontract made by such employer. (4) Part of the employer's

regular business entrusted to such subcontractor. (5) An employee of such subcontractor.

*Id.*, 302 Pa. at 295, 153 A. at 426. This Court continues to follow these criteria in evaluating a claim of statutory employer status. *Cranshaw Construction Inc. v. Ghrist*, 290 Pa.Super. 286, 434 A.2d 756 (1981).

■ We believe that there is no genuine issue that Dresher, the employer, was under contract to PECO, the owner, to perform certain excavation work. This contract is appended as Exhibit C to PECO's motion for summary judgment. Affidavits attached to Dresher's motion for summary judgment establish that the Cromby site was occupied by Dresher in fulfillment of its contract. Exhibit D to PECO's motion for summary judgment contains Dresher's subcontract with Heller & Karpowich, Inc. The subcontract awards Heller & Karpowich the order to provide backfill and excavation work at the Cromby site. Such work was part of Dresher's regular business as delineated in its general contract with PECO. Zizza was an employee of the subcontractor, Heller & Karpowich. Viewing the pleadings, answers to interrogatories, affidavits, etc. as we are required under Pa.R.C.P. 1035, we find that there is no genuine issue as to any material fact concerning Dresher's status as a statutory employer. The requisites for such status have been established such that Dresher can properly be considered Zizza's statutory employer and thus receives the immunity from suit granted under the Workmen's Compensation Act. Dresher was properly entitled to judgment as a matter of law and we affirm the lower court's rulings on this issue.

Appellant Zizza seems to argue in his brief that Dresher must establish both control and occupancy of the Cromby site in order to qualify as a statutory employer of Zizza. Such is not the case. Section 203 of the Act phrases the requirement as occupancy or control, not occupancy and control. *See* § 203 *supra.* Our supreme court in construing section 203 articulated the requirement as "Premises occupied by or under the control of such employer." *McDonald, supra,* 302 Pa. at 295, 153 A. at 426. Thus it is not

necessary that Dresher establish that it both occupied and controlled the Cromby site. As we have stated above, we believe tht Dresher establishes occupancy in the affidavit attached to its motion for summary judgment.

We disagree, however, with the lower court's ruling on PECO's motion for summary judgment. PECO was the owner of the Cromby site, where the injury occurred. PECO was not the general contractor or a subcontractor. As, we stated in *Cranshaw, supra,* section 203 is the section of the Workmen's Compensation Act which applies to negligence actions brought by injured employees. *See Barbieri,* Pennsylvania Workmen's Compensation and Occupational Disease, Vol. 1, § 4.09(3) (1975).

Both PECO and Zizza contend that section 302 of the Act applies to this case. Each urges a different application of the section, but nonetheless asks this Court to apply section 302. We believe that section 302 has no applicability to the facts of this case. Section 302, as amended in 1974, provides in part that:

A contractor who subcontracts all or any part of a contract and his insurer shall be liable for the payment of compensation to the employes of the subcontractor unless the subcontractor primarily liable for the payment of such compensation has secured its payment as provided for in this act.

Act of June 2, 1915, P.L. 736, Art. III, § 302(a) *as amended by* Act of December 5, 1974, P.L. 782, No. 263, § 5; 77 P.S. § 461. Thus, by its terms section 302 controls the payment of compensation. It does not deal with negligence actions, as does section 203, and is not applicable to the instant action.

We interpreted section 203 in *Ashman v. Sharon Steel Corp.,* 302 Pa.Super. 305, 448 A.2d 1054 (1982). In that case a truck driver, Ashman, and his wife, brought suit in trespass against Sharon Steel Corporation for injuries Ashman sustained while working on the property of Sharon Steel. The trial court found that Sharon Steel was not protected from a common-law negligence action. This Court affirmed that finding. In so doing we stated:

Appellant [Sharon Steel] is not a "principal contractor," but an *owner* of the property. Our courts have held that this distinction is significant; an independent contractor's employe is not ordinarily considered to become an "employe" of the owner of the property for Compensation Act purposes. *Brooks v. Buckley & Banks,* 291 Pa. 1, 139 A. 379 (1927); *Freeny v. William Penn Broadcasting Co.,* 180 Pa.Super. 434, 118 A.2d 275 (1955).

*Ashman,* 302 Pa.Super. at 313, 448 A.2d at 1058. We concluded that Sharon Steel was not the "employer" of Ashman under the relevant provisions of the Workmen's Compensation Act, *Id.*

The rule of law applied in *Ashman* is equally applicable in the case now before us. *Ashman* was decided after the 1974 amendments of the Workmen's Compensation Act. Although it did not deal with excavation work, as does this case now before us, this difference, under section 203, does not warrant a refusal to follow *Ashman.*

In accordance with the view expressed in *Ashman,* Alexander Barbieri, in *Pennsylvania Workmen's Compensation and Occupational Disease* states that "The statutory employer status does not include an owner or entrepreneur." Barbieri, supra, at § 4.09(3) (1975). Barbieri discusses the situation in which an employee of independent contractor is injured. In such a situation the independent contractor was working under contract with the owner. Barbieri states that if:

the contractor is performing work for the owner or entrepreneur that is not "part of the . . . regular business" of the owner, then the statutory employment status does not arise and the injured employe of the contractor may look only to the contractor, the immediate employer, for compensation, and the owner or entrepreneur will have no immunity defense to a suit for negligence by the injured man.

Barbieri, *supra* (footnote omitted).

■ In the case now before us it has not been contended that the excavation of ditches is part of PECO's regular

business. We see no reason to deviate from *Ashman.* Accordingly, we find that PECO is not Zizza's statutory employer, and thus is not immune from suit by Zizza. We thus reverse the order which granted PECO's motion for summary judgment and entered judgment in its favor.

As the fourth part of its argument before this Court Appellee, PECO, contends that the trial court erred in granting summary judgment in favor of Dresher inasmuch as Dresher had entered into a written contract of indemnification with PECO prior to the date of the plaintiff's injury. We recognize that, pursuant to Pa.R.C.P. 2252(d), PECO asserted in its Answer as New Matter, Count II, that Dresher owes indemnity, as well as a defense, to PECO. Dresher, in turn, has filed a Reply to the New Matter Joinder of PECO.

The Motion for Summary Judgment filed by Dresher sought only "judgment in its favor on the cause of action pleaded by plaintiff John S. Zizza, Jr." It is clear that the only issue addressed by the trial court in ruling on the separate motions for summary judgment was whether defendants PECO and Dresher were statutory employers under the Act and, as such, immune from suit by the plaintiff.

In its Answer to Dresher's Motion for Summary Judgment, PECO adequately preserved its claim of indemnification against Dresher. However, the trial court did not discuss this issue, nor include it in its order granting summary judgment. As the issue of indemnification was not addressed by the trial court, we treat the order in favor of Dresher as running only to its liability to the plaintiff, Zizza, consistent with Dresher's claim for pretrial relief. We decline to address the issue of Dresher's alleged indemnification of PECO on this appeal.

The order granting summary judgment in favor of Dresher and against plaintiff Zizza is affirmed. The order granting summary judgment in favor of appellee PECO is reversed. The case is remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.

BECK, J., files a concurring opinion.

BECK, Judge, concurring:

I agree with the majority's conclusion that PECO is not a statutory employer and that Dresher is a statutory employer. As to PECO I would reverse and remand.

Unlike the majority, however, I would not affirm the summary judgment as to Dresher in toto. I would remand for amendment of the summary judgment in order to preserve PECO's cross claim for indemnification.

The majority declines to address the issue of indemnification because "[t]he issue of indemnification was not addressed by the trial court ..." (Maj. op. at 607). While the majority's statement is accurate, the question of indemnification is implicitly before us. The trial court could not address the issue, because once it granted summary judgment to both PECO and Dresher the indemnification issue was moot.

I would find that despite the granting of summary judgment in favor of Dresher, Dresher is not completely immune from suit in the instant case. In its response to Zizza's complaint, PECO filed a cross-claim for indemnity against Dresher, citing a provision of its contract with Dresher.[1] *See* Answer and New Matter of [PECO] to Zizza's Complaint in Trespass at ¶¶ 9–11. Under the Act, third party cross-claims against a statutory employer are disallowed except as provided for in 77 P.S. § 481(b):

> In the event injury or death to an employee is caused by a third party, then such employee ... may bring [an] action at law against such third party, but the employer ... shall not be liable to a third party for damages, contributions or indemnity in any action at law, or other-

---

1. Article 13 of PECO's contract with Dresher provides, in pertinent part:

    The Contractor shall indemnify and hold harmless Owner and its Agent, the Construction Managers, and all officers, agents and employees from any loss, damage, liability or expense, on account of damage to persons, including Contractor's employees, arising or in any manner growing out of the performance of any work or the supplying of any material under this Contract, regardless of whether or not it is cause in part by the act or omission, whether negligent or not, of a party indemnified hereunder, and shall defend

wise, *unless* liability for such damages, contributions or indemnity shall be *expressly provided for in a written contract* entered into by the party alleged to be liable prior to the date of the occurrence wich gave rise to the action.

(Emphasis added). In the instant case, PECO's contract with Dresher expressly provides that Dresher shall indemnify PECO for any loss or damages resulting from injury to Dresher's employees arising out of the performance of the contract, thus giving rise to PECO's cross-claim.

The better view is for the Superior Court to recognize that its reversal of the trial court's order granting summary judgment in favor of PECO revives the cross-claim against Dresher and requires that the order granting Dresher's motion for summary judgment be modified accordingly. I therefore would remand to the trial court so that its order may be amended to reflect the fact that summary judgment should have been granted in favor of Dresher only with respect to Zizza's complaint and not with respect to PECO's cross-claim for indemnification.

at its own expense any suits or other proceedings brought against Owner and its Agent, the Construction Managers, and all officers, agents and employees, or any of them, on account thereof, and pay all expenses and satisfy all judgments, which may be incurred by or rendered against them or any of them in connection therewith.