646 A.2d 1196

**Ron GNIEWEK, Appellant,**

**v.**

**1700 PLACE APARTMENTS and Frank Lindey, Appellees.**

Superior Court of Pennsylvania.

Argued May 12, 1994.

Filed Aug. 23, 1994.

Marc Sigal, Philadelphia, for appellant.

Geoffrey H. Baskerville, NJ, for appellees.

Before McEWEN, OLSZEWSKI and DEL SOLE, JJ.

DEL SOLE, Judge:

Ron Gniewek appeals from an order granting summary judgment to 1700 Place Apartments and Frank Lindy, Appellees, in this personal injury case. We reverse.

Appellant filed suit against Appellees to recover for injuries that he suffered as a result of a fall on ice in the driveway at the 1700 Place Apartments. At that time, Appellant was employed by Roy Arms as a handy man. Roy Arms Repair Service had a contract with 1700 Place Apartments to repair or renovate the units at the apartment complex. The 1700 Place Apartments are owned by a general partnership, the 1700 Place Apartments of Pennsylvania. The general partners are Phillip Lindy and Cedrich Gardens, Inc. The Lindy Property Management Company, also a partnership, manages the 1700 Place Apartments. Frank Lindy is a limited partner of the Lindy Property Management Company and Phillip Lindy and Anabell Lindy are general partners in the Lindy

Property Management Company. Frank Lindy and Allan Lindy are responsible for the daily administration of the 1700 Place Apartments, and the 1700 Place Apartments' staff were supervised by both Frank and Allan Lindy. Frank and Allan Lindy would then report to Phillip Lindy as the owner of 1700 Place Apartments.

Frank Lindy's deposition testimony was that, at the time of Appellant's accident, Roy Arms Repair Service had a contract with 1700 Place Apartments to paint, clean and maintain the apartments after a tenant moved out, and they did various external jobs including snow removal. Roy Arms employees were complementing the 1700 Place Apartments staff. As a Roy Arms employee, Appellant was given daily work assignments by Roy Arms and he was paid by Roy Arms. Frank Lindy would inform Roy Arms what work needed to be completed under his contract. Although the Lindy Property Management Company did not have authority to tell Roy Arms' employees how to do their work, the management company could dispatch Roy Arms' employees to different jobs.

On the morning of the accident, Appellant had been assigned to work in one of the 1700 Place Apartment Buildings. His task was to remove debris from the building by placing it in trash cans, and dragging the cans to a dumpster to be emptied. On one trip to the dumpster, Appellant slipped on ice in the driveway and fractured his hand. Approximately two weeks later, Appellant was fired by Roy Arms.

After the parties in this case were deposed, Appellees filed a motion for summary judgment. The trial court granted the motion reasoning that 1700 Place Apartments and Frank Lindy were the statutory employers of Appellant and therefore immune from an action at law for damages under the Pennsylvania Workmen's Compensation Act. The court further stated that Appellant failed under Pa.R.Civ.P. 1035 to set forth facts showing that a genuine issue for trial existed.

"In reviewing summary judgment, the Court must accept as true all well-pleaded facts in the non-moving party's pleadings,

giving the non-moving party the benefit of all reasonable inferences to be drawn therefrom." *Rybas v. Wapner,* 311 Pa.Super. 50, 457 A.2d 108, 109 (1983). Summary judgment will be upheld only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id;* Pa.R.Civ.P. 1035(b). The opposing party of a motion for summary judgment may not rest upon mere denials of the pleading, but the response by affidavits or otherwise must articulate specific facts showing that there is a genuine issue for trial. Pa.R.Civ.P. 1035(d). Summary judgment may only be entered in cases which are clear and free from doubt. *Krause v. Great Lakes Holdings, Inc.,* 387 Pa.Super. 56, 563 A.2d 1182 (1989).

We must determine whether 1700 Place Apartments and Frank Lindy are statutory employers of Appellant within the meaning of the Pennsylvania Workmen's Compensation Act.

Section 203 of the Act sets forth the prerequisites for statutory employer status as follows:

> An employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employe.

Act of June 2, P.L. 736, art. II, § 203 as amended; 77 P.S. § 52.

■ Our supreme court in *McDonald v. Levinson Steel Co.,* 302 Pa. 287, 153 A. 424 (1930), interpreted section 203 to require that five elements be met to come within the definition of a statutory employer:

> (1) An employer who is under contract with an owner or one in the position of an owner. (2) Premises occupied by or under the control of such employer. (3) A subcontract made by such employer. (4) Part of the employer's regular business entrusted to such subcontractor. (5) An employee of such subcontractor.

*Id.* at 294–295, 153 A. 424. In applying the *McDonald* test to the case *sub judice*, we keep in mind that "section 203 of the Workmen's Compensation Act, which was designed to extend benefits to workers, should not be casually converted into a shield behind which negligent employers may seek refuge." *Stipanovich v. Westinghouse Electric Corp.*, 210 Pa.Super. 98, 231 A.2d 894, 898 (1967).

Instantly, 1700 Place Apartments argue that they satisfy the elements of *McDonald* in that they contracted with the owners of 1700 Place Apartments to manage the building, the premises were under their control, the contract between Roy Arms Repair and the buildings management gave Roy Arms responsibility for maintenance of the apartments between tenants, the maintenance work was part of the work that Appellees contracted to do in their agreement with the owners of 1700 Place Apartments, and Appellant was an employee of Roy Arms Repair Service.

Appellee's argument is specious. Appellee, 1700 Place Apartments, was the owner. It could not contract with itself to manage the premises which it owned. As the owner of the property, Appellee could not acquire statutory employer status.

Appellant's employer, Roy Arms Repair Service, directly contracted with 1700 Place Apartments to repair or renovate the apartments at that location. In *Ashman v. Sharon Steel Corp.*, 302 Pa.Super. 305, 448 A.2d 1054 (1982), a truck driver was injured while at work and he filed a action against Sharon Steel to recover for the injuries. The trial court held that Sharon Steel was liable in a common-law negligence action for the injuries suffered and we agreed reasoning that:

> Appellant [Sharon Steel] is not a "principal contractor," but an *owner* of the property. Our courts have held that this distinction is significant; an independent contractor's employe is not ordinarily considered to become an "employe" of the owner of the property for Compensation Act purposes. *Brooks v. Buckley & Banks*, 291 Pa. 1, 139 A. 379 (1927); *Freeny v. William Penn Broadcasting Co.*, 180 Pa.Super. 434, 118 A.2d 275 (1955).

*Ashman*, 448 A.2d 1054. We also addressed this issue in *Zizza v. Dresher Mechanical Contractors, Inc. (en banc)*, 358 Pa.Super. 600, 518 A.2d 302 (1986), where a worker brought an action against an owner of an excavation site, a contractor and subcontractor to recover for injuries he sustained when the trench that he was digging collapsed and injured his leg. With respect to the owner of the property, Philadelphia Electric Company (PECO), we reversed the trial court's grant of summary judgment in their favor. We cited *Ashman, supra* and Alexander Barbieri, in *Pennsylvania Workmen's Compensation and Occupational Disease* which states that "[t]he statutory employer status does not include an owner or entrepreneur. Barbieri, supra, at § 4.09(3) (1975)." *Zizza*, 518 A.2d 302, 305. We also mentioned in *Zizza* Barbieri's analysis of a scenario where an employee of an independent contractor is injured and the independent contractor works under contract with the owner. He states that if:

> the contractor is performing work for the owner or entrepreneur that is not "part of the ... regular business" of the owner, then the statutory employment status does not arise and the injured employe of the contractor may look only to the contractor, the immediate employer, for compensation, and the owner or entrepreneur will have no immunity defense to a suit for negligence by the injured man. Barbieri, supra (footnote omitted).

*Zizza*, 518 A.2d 302, 305.

Nevertheless, to support its position that it is not an owner but rather an employer, Appellees refer us to the deposition of Frank Lindy. Appellees contend that the first prong of the *McDonald* test was established by Frank Lindy's testimony as follows:

Q. What is the function of the Lindy Property Management?

A. Lindy Property Management Company manages properties for a fee.

Q. In other words, the owner of a property pays you to run the property for them?

A. That's correct.

Q. And those are usually rental properties?

A. Yes.

Q. Do you primarily specialize in office buildings or apartment buildings?

A. Apartment buildings.

Q. I'm not going to go into the other apartment buildings, I'm going to focus on one, 1700 Place Apartments. Are you familiar with that location?

A. Yes, sir.

Q. Do you manage that location?

A. Yes.

Q. How long have you managed that location?

A. Since 1977—let me rephrase that.

MR. NICHOLSON: Before he answered, you said how long has he personally managed. Are you asking him, himself?

MR. SIGAL: No, the partnership.

THE WITNESS: Okay. I don't recall a specific date. I would say, if memory serves me correct, it was in 1987. I think it was in 1987 when we became involved in the property.

Deposition testimony 1–21–93 at 6–7. This testimony does not establish the first requirement that 1700 Place Apartments is an employer who is under contract with an owner or one in the position of an owner. In fact, 1700 Place Apartments is the owner according to Frank Lindy's response at the deposition. Mr. Sigal, Appellant's attorney, asked him "who owned the property at the time?" Lindy responded, "1700 Place Apartments of Pennsylvania a general partnership." (Deposition testimony 1–21–93 at 10). On the other hand, Frank Lindy's testimony shows that Lindy Property Management Company, an entity entirely separate from 1700 Place Apartments, was managing the 1700 Place Apartment units for the owners of 1700 Place Apartments.

Frank Lindy also testified that Roy Arms Repair Service contracted with 1700 Place Apartments to repair, paint, clean

and maintain apartments. (Deposition testimony 1–21–93 at 20). This is a situation very similar to those in *Ashman, Zizza* and analyzed by Barbieri. Here, the employee of an independent contractor, Roy Arms Repair Service, was injured while the independent contractor was working under contract with the owner. The work being performed by Roy Arms was not part of the regular business of the owner. The owner, 1700 Place Apartments, is in the business of renting apartment units, not repairing and cleaning property. Furthermore, there was no subcontract between 1700 Place Apartments and Roy Arms. Since 1700 Place Apartments cannot satisfy all five of the requirements of the *McDonald* test, it is not a statutory employer under the Workmen's Compensation Act and will not be immune from a negligence action for damages.

▮ With respect to Frank Lindy, he too has failed the *McDonald* test for statutory employer status. Mr. Lindy could arguably satisfy prongs one, two, four and five because he is an employer under contract with an owner, the premises were under his control, Roy Arms Repair Service performed part of the employer's regular business of maintaining the property, and Appellant was employed by Roy Arms. However, prong three of the test was not satisfied. It is undisputed that Frank Lindy did not enter into a subcontract with Roy Arms. As previously stated, Roy Arms contracted directly with 1700 Place Apartments for the work that he and his employees performed. Frank Lindy had no authority to tell Roy Arm's employees how to work although he could dispatch them to work areas. Therefore, Frank Lindy would not be protected as a statutory employer under the Workmen's Compensation Act from a negligence action at law.[1]

The order granting summary judgment in favor of 1700 Place Apartments and Frank Lindy and against Ron Gniewek

---

1. Appellant also raised the issue that before a party can plead that it is protected from a negligence suit for damages under the Workmen's Compensation Act, it must show that it already procured Workmen's Compensation Insurance, and Appellees have not submitted proof that they obtained such coverage. We decline to discuss this issue since we have concluded that Appellees were not the statutory employers of Appellant and therefore not protected under the Act.

is reversed. The case is remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.

McEWEN, J., concurs in the result.