Raymond **KENNEY** and Clare **Kenney**, h/w, Appellants,

v.

**JEANES HOSPITAL** and Barclay **White, Inc.,** and **Operating Engineers Local 542,** Appellees,

v.

**Metropolitan Contract Carpets, Inc.**

Superior Court of Pennsylvania.

Argued Nov. 29, 2000.

Filed Feb. 21, 2001.

we are unable to deem Hinchliffe's appeal to be frivolous, and, thus, we decline to award counsel fees.

Sidney J. Smolinsky, Philadelphia, for appellants.

Joel P. Fishbein, Philadelphia, for Barclay White, Inc., appellee.

Before McEWEN, P.J., OLSZEWSKI and TAMILIA, JJ.

TAMILIA, J.:

¶ 1 Raymond and Clare Kenney appeal from the June 29, 2000 Order granting summary judgment in favor of appellee, Barclay White, Inc.

¶ 2 Appellants initiated this personal injury case after Raymond Kenney sustained a 1992 work-related injury.[1] The following parties were named as defendants in the action: Jeanes Hospital, Barclay White, Inc., Operating Engineers Local 542 and Metropolitan Contract Carpets, Inc. Prior to issuance of the June 29, 2000 Order, the case was disposed of with respect to all the above-named defendants, with the exception of appellee, Barclay White, Inc.

---

1. Additional references to "Kenney" refer to appellant, Raymond Kenney.

In October 1990, the Hospital contracted with Barclay White, a general contractor, for the construction of a new building on the Hospital's property. Barclay White hired Metropolitan as a subcontractor for that project. Kenney worked for Metropolitan. On January 17, 1992, Kenney suffered a back injury while loading a roll of carpet onto an elevator at the construction site.

The Kenneys [appellants] subsequently filed a personal injury action[.]

. . .

In 1996, Barclay White filed a Motion for Partial Summary Judgment, arguing that it was Kenney's statutory employer and, therefore, that it was immune from tort liability to Kenney pursuant to the exclusivity provision of Pennsylvania's Workers' Compensation Act. *See* 77 Pa. C.S.A. [P.S.] § 52. The trial court granted Barclay White's Motion on October 10, 1996 without issuing an opinion.

The Hospital then filed a Motion for Summary Judgment on July 14, 1997, arguing that it had relinquished exclusive control over the construction site to Barclay White when it contracted with Barclay White for the construction of the new building, and that the Hospital, therefore, was not liable for Kenney's injuries. The trial court granted the Hospital's Motion on June 19, 1998.

*Kenney v. Jeanes Hospital et al.,* 747 A.2d 425 (Pa.Super.1999)(unpublished memorandum at 2–3)(*Kenney I*). Similarly, both Operating Engineers Local 542 and Metropolitan Contract Carpets, Inc. have been awarded summary judgment and dismissed from the case.

¶ 3 In *Kenney I,* this Court affirmed the grant of summary judgment in favor of Jeanes Hospital but reversed the grant of summary judgment in favor of appellee,

Barclay White, and remanded the case for further proceedings. Upon review of the record and in accordance with *Lascio v. Belcher Roofing Corp.,* 704 A.2d 642 (Pa.Super.1997)(*Lascio I* ), this Court held as follows:

> Given Barclay White's contractual insistence that Kenney was an independent contractor and not an employee 'for purposes whatsoever,' the trial court was incorrect to rule as a matter of law that Kenney, contrary to Barclay White's prior assertion, was an employee and not an independent contractor. Based on the clear authority of *Lascio,* we conclude that the independent contractor clause in Barclay White's subcontract creates a genuine issue of material fact as to Kenney's employment status that only can be resolved by a finder of fact.

*Kenney I, supra* at 6.

¶ 4 On remand, additional discovery was undertaken and appellee again moved for summary judgment. The trial court found that there is no genuine issue regarding "the fact that [Barclay White] was the statutory employer of [Kenney] at the time of the accident and that any claims against [Barclay White] are barred by the statutory employers defense of the Pennsylvania Workers Compensation Act." (Trial Court Opinion, Ackerman, J., 8/2/00 at 4.) This timely appeal followed.

¶ 5 Appellants raise the following questions for our review.

I.  Did the Superior Court previously decided [sic] the same issues now raised by . . . Barclay White, Inc., in this, its second motion for summary judgment?

II.  Does Article X of the contract between [Kenney's] employer and . . . Barclay White, constitute a waiver of the statutory employer defense, or does Article X alone permit a

jury to find that [Kenney] was considered to be, and was an independent contractor because of the intent of the parties expressed in the contract?

III. Does the language contained in § 203 of the Workers' Compensation Act, 77 P.S. § 52 provide that a general contractor is liable to the employee of a subcontractor or to the contrary as [Kenney] contends provides for liability only to laborers or assistants and not to employees?

IV. Does Article III, § 18 of the Pennsylvania Constitution empower the state legislature to enact Article II, § 203 (the statutory employer provision) so as to limit [Kenneys'] right to a tort recovery against a general contractor?

V. Does § 52 of Title 77 P.S. as applied to [Kenney] deprive him of equal protection of the law and due process when subcontractor employees are relegated to only a workers' compensation remedy if they are injured due to the neglect of a general contractor, while general contractor employees may maintain both a workers' compensation claim and third party claims if injured due to the neglect of subcontractors?

(Appellants' brief at 4.)

Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A material fact is one that directly affects the outcome of the case. Our scope of review of a trial court Order granting summary judgment is plenary. . . . In reviewing the order, we must examine the record in the light most favorable to the adverse party and determine whether the moving party has established that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. We will overturn a lower court's entry of summary judgment only if there has been an error of law or a clear abuse of discretion.

*Kuney v. Benjamin Franklin Clinic,* 751 A.2d 662, 664 (Pa.Super.2000), *quoting Stevens Painton Corp. v. First State Ins. Co.,* 746 A.2d 649, 653 (Pa.Super.2000).

¶ 6 Appellants argues, *inter alia,* that the trial court erred in entering summary judgment and that the question of whether appellee qualified as a "statutory employer" should have been answered by a fact finder.

¶ 7 The Workers' Compensation Act, 77 P.S. §§ 1–2626, defines an employer's liability to an employee of an employee or contractor permitted to enter upon the premises as follows:

An employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as his own employe.

77 P.S. § 52, **Employers' liability to employe of employe or contractor permitted to enter upon premises.**

¶ 8 In *McDonald v. Levinson Steel Co.,* 302 Pa. 287, 153 A. 424 (1930), the Pennsylvania Supreme Court set forth the elements of the statutory employer defense which, once established, bar a plaintiff from pursuing a suit for negligence against a statutory employer. *Fonner v.*

*Shandon, Inc.,* 555 Pa. 370, 724 A.2d 903 (1999). Those elements are:

1. An employer who is under contract with an owner or one in the position of an owner.

2. Premises occupied by or under the control of such employer.

3. A subcontract made by such employer.

4. Part of the employer's regular business intrusted to such subcontractor.

5. An employee of such subcontractor.

*McDonald, supra* at 294, 153 A. at 426.

¶ 9 In *Kenney I,* this Court determined the "independent contractor clause" of the contract between appellee and Metropolitan created a genuine issue of material fact with respect to Kenney's employment status. Appellants now argue application of the clause serves as a waiver of the statutory employer defense. Appellee points out in its brief that, in *Lascio v. Belcher Roofing,* 748 A.2d 1259 (Pa.Super.1999)(unpublished memorandum)(*Lascio II* ), this Court rejected this same argument and affirmed the entry of judgment not withstanding the verdict.

¶ 10 In *Pastore v. Anjo Constr. Co.,* 396 Pa.Super. 58, 578 A.2d 21, 25 (1990), we explained that "[c]ourts will not be controlled by the nomenclature the parties apply to their relationship."

> Neither the form of a contract nor the name given it by the parties controls its interpretation. In determining the real character of a contract courts will always look to its purpose, rather than to the name given it by the parties. The proper construction of a contract is not dependent upon any name given it by the parties, or upon any one provision, but upon the entire body of the contract and its legal effect as a whole.... Accord *Rolick v. Collins Pine Co.,* 708 F.Supp. 111, 114 (W.D.Pa.1989) (Mere labeling of someone as an independent contractor in an agreement does not determine his legal status. The court must make an independent evaluation of the terms of the contract and of all the surrounding circumstances).

*Id.* (internal quotations and citations omitted).

¶ 11 Based upon our independent review of the record, we find the evidence fully supports the trial court's finding that appellee established each of the five *McDonald* elements and, thus, qualifies as a statutory employer. With respect to appellants' argument that the use of the terms "laborer" and "assistant" in Section 52, in some manner, preclude appellee from asserting the statutory employer defense, appellants' fail to cite any legal authority for their argument. Moreover, our review of the issue clearly indicates that it is completely without merit.

■ ¶ 12 Appellants' remaining issues are challenges to the constitutionality of the statutory employer defense. Specifically, appellants argue that Section 52 unfairly and unreasonably discriminates and deprives them of the opportunity to recover for their alleged injuries. Appellants cite one case in support of their argument: *Village of Willowbrook v. Olech,* 528 U.S. 562, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). This case involved a suit brought by a property owner against her local municipality and pertained to the municipality's actions with respect to connection of the Olech property to the municipal water supply and a related easement. Appellants appear to be arguing that application of the statutory employer defense was unreasonable and arbitrary and attempting to analogize their situation to that of Olech. Appellants' arguments are not only unsupported by legal authority but are also without merit. While appellants' argument with respect to *Fonner v. Shan-*

*don, Inc.,* 555 Pa. 370, 724 A.2d 903 (1999), is indecipherable, we note the following:

> The failure of the General Assembly to change the law which has been interpreted by the courts creates a presumption that the interpretation was in accordance with the legislative intent; otherwise the General Assembly would have changed the law in a subsequent amendment.

*Id.,* at 377–78, 724 A.2d at 906.

¶ 13 Order affirmed.