Brian TALLOS; Lisa Tallos, h/w, Appellants,

v.

CSX INTERMODAL, INC.; CSX Transportation.

No. 00–1013.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 19, 2002.

Decided Jan. 9, 2003.

Before SLOVITER, MCKEE, and ROSENN, Circuit Judges.

*OPINION OF THE COURT*

SLOVITER, Circuit Judge.

Brian and Lisa Tallos (jointly referred to as "Tallos") appeal the order of the District Court entering summary judgment in favor of defendant CSX Intermodal, Inc. ("Intermodal") in Tallos' negligence suit. The District Court held that Intermodal was the statutory employer of Tallos and thereby entitled to tort immunity. We will affirm.

## I.

### Facts and Procedural Background

On December 9, 1996, Brian Tallos, an employee of Parsec, Inc., was operating a truck at a terminal facility in Philadelphia, Pennsylvania, occupied and controlled by Intermodal when the injury in question occurred. The property is owned by CSX Transportation, Inc. On January 1, 1992, CSX Transportation, Inc. entered into a lease agreement with Intermodal which provided that Intermodal would undertake the obligation of operating and maintaining a terminal facility for transferring trailerized and containerized cargo between motor and rail modes of transportation. Prior to this agreement, Intermodal's predecessor in interest, CSX/Sea–Land Intermodal, Inc. ("CSLI"), entered into a terminal facility agreement with CSX/Sea–Land Terminals, Inc. ("CSLT"). This agreement was carried over into the terminal lease agreement between CSX Transportation, Inc. and Intermodal. Thus, CSLT provided services at the terminal for Intermodal.

On February 25, 1991, CSLT entered into an agreement with Parsec, Inc., Tallos' employer, under which Parsec would provide certain services at the facility, such as ramping and deramping. Tallos was injured in the course of Parsec's provision of such services.

Tallos filed suit against both CSX Transportation, Inc. (owner/lessor of the property) and Intermodal in state court, and the defendants removed the suit to federal court. Thereafter, Tallos dismissed CSX Transportation, leaving Intermodal as the only defendant. Intermodal filed a motion for summary judgment based on the statutory employer defense in 77 Pa. Cons.Stat.

Ann. § 52 (West 2002). The District Court granted the motion and entered summary judgment in favor of Intermodal. Tallos appeals.

## II.

## Discussion

Tallos argues that the District Court erred in holding that Intermodal was his statutory employer because Intermodal was not in vertical privity with Parsec, Tallos' employer, an essential requirement before a defendant is entitled to the benefit of Pennsylvania's statutory employer doctrine. *See Fonner v. Shandon, Inc.*, 555 Pa. 370, 724 A.2d 903, 905 (1999) (statutory employer must subcontract with plaintiff's employer). Notwithstanding Tallos' misunderstanding of certain facts,[1] the material facts are not in dispute.

The sole issue on appeal is whether the District Court properly concluded that Intermodal was Tallos' statutory employer, thereby entitling it to tort immunity. Because the District Court's decision depends upon interpretation and application of Pennsylvania law, our review is plenary. *Rolick v. Collins Pine Co.*, 925 F.2d 661, 663 (3d Cir.1991).

In applying Pennsylvania law in *Rolick*, we stated, "[g]enerally, only employers standing in a direct master-servant relationship with an injured worker may be liable for workmen's compensation benefits." 925 F.2d at 663. However, under a narrow statutory exception, which exists in very limited circumstances, "an employer not standing in a direct master-servant relationship with an injured worker may nonetheless become liable for workmen's

compensation benefits." *Id.* The exception creates the status of "statutory employer."

As we stated in *Rolick:*

> To create the relation of statutory employer under section 203 of the act (77 P.S. § 52), all of the following elements essential to a statutory employer's liability must be present: (1) An employer who is under contract with an owner or one in the position of an owner. (2) Premises occupied by or under the control of such employer. (3) A subcontract made by such employer. (4) Part of the employer's regular business is entrusted to such subcontractor. (5) An employee of such subcontractor.

*Id.; Fonner*, 724 A.2d at 905.

Of these five requirements, Tallos challenges only element number 3. He argues that Intermodal was not in vertical privity with Parsec, Inc., his employer. However, the record shows that CSX Transportation, Inc., the owner of the property, entered into an agreement with Intermodal for operation and maintenance of the terminal facility. Intermodal, through its predecessor, already had an agreement with CSLT. As a result, CSLT provided services for Intermodal. Thereafter, CSLT entered into a separate agreement with Parsec, Inc. to provide certain services at the Philadelphia facility. Vertical privity is clearly established because Parsec is acting as a subcontractor of CSLT, who is a subcontractor of Intermodal.

That is precisely the state of facts that led the District Court to its conclusion. It stated, in its Memorandum and Order dated March 18, 2002:

> The warehouse/terminal in which plaintiff's accident occurred is located on real estate owned by CSX Transportation, which was originally a party defen-

---

1. As the District Court noted, Tallos is under the misapprehension that Intermodal and Parsec each had a separate contract with CSX

Transportation, Inc., the owner of the property. (App. at 15). The record shows otherwise.

dant to this action, but was dismissed from the case by stipulation. The defendant CSX Intermodal, Inc. (formerly CSX/Sea–Land Intermodal, Inc., or "CSLI") leased the terminal from CSX Transportation, and thereafter entered into a contract with CSX/Sea–Land Terminals, Inc. ("CSLT") to perform freight handling services at the terminal, and CSLT, in turn, contracted with Parsec, Inc., plaintiff's employer, to conduct specified freight handling services at the terminal.

App. at 15. Thus, as the District Court further stated, "it is undisputed that the injured plaintiff was an employee of Parsec, which was a sub-contractor of the defendant. The defendant had charge of the terminal, and Parsec was performing services constituting part of the defendant's regular line of business." App. at 15. Vertical privity was established, and the five requirements for "statutory employer" status were met.

For the reasons set forth, we will affirm the judgment of the District Court.