J-S16023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| LEONARDO YORGARDY | |
| Appellee | No. 640 EDA 2015 |

Appeal from the Judgment of Sentence January 30, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006899-2014

BEFORE:  OTT, J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                    **FILED APRIL 28, 2016**

The Commonwealth appeals from the judgment of sentence imposed on Leonardo Yorgardy,[1] on January 30, 2015, in the Court of Common Pleas of Philadelphia County.  On August 26, 2014, Yorgardy entered into an open guilty plea to a single count of sexual abuse of children (dissemination of child pornography), and two counts of sexual abuse of children (possession of child pornography).[2]  All counts were third-degree felonies.  Yorgardy received an aggregate sentence of two years of probation.  Pursuant to the

_____

[1] The defendant is referred to throughout the certified record as both Yorgardy Leonardo and Leonardo Yorgardy.  Although he signed his name on multiple documents as Yorgardy Leonardo, his counsel asserted Yorgardy is his last name.  *See* N.T. Sentencing, 1/30/2015, at 5.  Accordingly, we will use Leonardo Yorgardy.

[2] 18 Pa.C.S. § 6312(c), (d).

Pennsylvania Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. § 9799.10 *et seq*., the trial court classified Yorgardy as a Tier II offender, requiring a 25 year registration period. The Commonwealth raises one issue in this timely appeal; it claims the trial court erred in not classifying Yorgardy as a Tier III offender, thereby requiring a lifetime registration. After a thorough review of the Commonwealth's brief,[3] the certified record, and relevant law, we reverse only that portion of the judgment of sentence regarding sexual offender registration. We remand and direct the trial court to enter an order classifying Yorgardy as a Tier III sexual offender.

At issue in this appeal is the proper statutory interpretation of a single sentence in 42 Pa.C.S. § 9799.14 regarding "Sexual offense and tier system." Specifically, we address the following provision:

> (d) Tier III sexual offenses - The following offenses shall be classified as Tier III sexual offenses:
>
>> (16) Two or more convictions of offenses listed as Tier I or Tier II sexual offenses.

42 Pa.C.S. § 9799.14(d)(16).

Initially we note that a question of statutory interpretation:

> is a pure question of law; thus our standard of review is *de novo,* and our scope of review is plenary. **In re Milton Hershey School**, 590 Pa. 35, 42, 911 A.2d 1258, 1261 (2006). When this Court is called upon to interpret a statute, our overriding

_____

[3] No brief was filed on behalf of Yorgardy.

purpose is to ascertain and effectuate the legislative intent underlying the statute. ***Commonwealth v. Fedorek***, 596 Pa. 475, 483, 946 A.2d 93, 98 (2008). The clearest indication of legislative intent is the plain language of the statute itself. ***Id***. In addressing Appellant's challenge, we are guided by the principles set forth in the Statutory Construction Act. 1 Pa.C.S. §§ 1501 *et seq*. We must consider that when the words of a statute "are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). Further, in ascertaining legislative intent, it is to be presumed "[t]hat the General Assembly does not intend to violate the Constitution of the United States or of this Commonwealth." 1 Pa.C.S. § 1922(3).

***Commonwealth v. Samuel***, 961 A.2d 57, 60-61 (Pa. 2008).

As noted above, Yorgardy pled guilty to three third degree felonies regarding the possession and distribution of child pornography. ***See*** 18 Pa.C.S. § 6312(d.1)(2)(i). He had no prior criminal record. Pursuant to 42 Pa.C.S. § 9799.14, 18 Pa.C.S. § 6312(d), possession of child pornography, is a Tier I sexual offense, and Section 6312(c) is classified as a Tier II sexual offense. A person with two or more convictions of Tier I or Tier II sexual offenses is classified as a Tier III sexual offender. Tier I offenders must register for a 15 year period, Tier II offenders must register for a 25 year period, and Tier III offenders face a lifetime registration requirement.

The question currently before us is, when an offender is found guilty (either by trial or plea) of two or more Tier I or II offenses at the same trial or plea hearing, is the offender properly classified as Tier II or III? Here, the trial court found the relevant statutory language,

"embodies the recidivist philosophy and reflects a belief that first-time and lesser offenders are capable of reform and rehabilitation if given the opportunity to do so under the still-

punitive aegis of relatively lighter discipline, as well as the threat of harsher treatment" should Defendant reoffend. *[Commonwealth v.] Gehris*, 54 A.3d [862] at 879 [(Pa. 2012)].

Trial Court Opinion, 9/17/2015, at 10.[4]

The last published opinion addressing this issue was ***Commonwealth v. Merolla***, 909 A.2d 337 (Pa. Super. 2006), which interpreted Megan's Law II. The Office of the Attorney General, on behalf of the Commonwealth, argues ***Merolla*** is the controlling decision and requires Yorgardy be subject to the Tier III lifetime registration requirement.

As referred to above, the statutory requirements for the registration of sexual offenders have gone through several changes, including three versions of Megan's Law prior to the current SORNA. While the laws have changed throughout the years, the statutory language currently at issue has not. As related in ***Merolla***,

> The salient portion of the statue provides: "[a]n individual with two or more convictions of any of the offenses set forth in subsection (a)" shall be subject to a lifetime registration. 42 Pa.C.S.A. § 9795.1(b)(1).

---

[4] ***Gehris*** involved the interpretation of one of the prior versions of SORNA, specifically, Megan's Law III. The portion of ***Gehris*** quoted by the trial court was taken from Chief Justice Castille's Opinion in Support of Reversal (OISR). The ***Gehris*** decision was an equally divided decision that let stand the Superior Court determination that a person convicted of two reportable offenses at the same time was properly subject to lifetime registration. As an evenly divided decision, it has no precedential value. ***See Commonwealth v. Covil***, 378 A.2d 841, 844 (Pa. 1977) (equally divided decision has no precedential value).

*Commonwealth v. Merolla*, 909 at 346 (Pa. Super. 2006).

Under SORNA, a lifetime registration is applied to an individual with "[t]wo or more convictions of offenses listed as Tier I or Tier II sexual offenses." 42 Pa.C.S. § 9799.14(d)(16). Whatever changes the General Assembly made to the different versions of the statutes, it kept the language relevant to this appeal identical. In analyzing this relevant language, the *Merolla* opinion stated:

> The Court analyzed the legislature's intent in enacting Megan's Law II, and found the policy underlying registration and notification to be the promotion of public safety. *Id.* at 972 (*quoting* **Commonwealth v. Gaffney**, 557 Pa. 327, 733 A.2d 616, 619 (1999)). "[T]he legislature's stated intent was to provide a system of registration and notification so that relevant information would be available to state and local law enforcement officials in order to protect the safety and general welfare of the public." **Williams II**, *supra* at 972 (*quoting* **Gaffney**, *supra* at 619). Neither the registration nor notification component of Megan's Law II is considered additional punishment. **Williams II**, *supra* at 973 (*quoting* **Gaffney**, *supra* at 619).
>
> The salient portion of the statute provides: "[a]n individual with two or more convictions of any of the offenses set forth in subsection (a)" shall be subject to lifetime registration. 42 Pa.C.S.A. § 9795.1(b)(1). However, the Three Strikes Statute applies "[w]here the person had at the time of the commission of the current offense **previously** been convicted of two or more such crimes..." 42 Pa.C.S.A. § 9714(a)(2) (emphasis added). Thus, the language of Megan's Law II is distinguishable from the language of the Three Strikes Statute as Megan's Law II does not require a previous conviction. Moreover, the legislative intent behind Megan's Law II is distinct from that of the Three Strikes Statute. Whereas Megan's Law II is based on concern for public safety, the Three Strikes Statute, although it also implicates public safety, is directed to heightening punishment for criminals who have failed to benefit from the effects of penal disciple, **see**

*id*. at 196, while Megan's Law II. **See Williams II**, *supra* at 973; **Shiffler**, *supra* at 196.

The sequence of events described in **Shiffler**—first offense, first conviction, first sentencing, second offense, second conviction, second sentencing—does not apply to Megan's Law II based on a literal reading of the statute. **Compare Shiffler**, *supra* at 192, *with* 42 Pa.C.S.A. §§ 9791-9799. Thus, it is irrelevant that Merolla had not been sentenced for his first offense before the commission of his second crime. **See Williams II**, *supra* at 972. Moreover, the intent of the legislature is better served by subjecting Merolla to heightened registration requirements because the public would continue to be notified of his whereabouts after the initial ten-year registration period. As already stated, this heightened registration is not an additional punishment. **See id**. at 973.

**Commonwealth v. Merolla**, 909 A.2d at 346-47 (footnotes omitted).

Although **Merolla** interpreted a prior version of SORNA, we are

nonetheless bound by that interpretation.

It is a long-standing presumption that the Legislature is aware of the judiciary's construction and interpretation of statutes. **See**, **e.g.**, **City of Philadelphia v. Clement & Muller, Inc.**, 552 Pa. 317, 715 A.2d 397, 399 (1998). Furthermore,

[w]hen confronted with questions of statutory construction, the words of a statute are to be interpreted in light of antecedent case law.... The failure of the General Assembly to change the law which has been interpreted by the courts creates a presumption that the interpretation was in accordance with the legislative intent; otherwise the General Assembly would have changed the law in a subsequent amendment.

**Fonner v. Shandon, Inc.**, 555 Pa. 370, 724 A.2d 903, 906 (1999) (internal citations omitted); *see also* 1 Pa.C.S.A. § 1922(4) ("In ascertaining the intention of the General Assembly in the enactment of a statute[, it may be presumed] ... [t]hat when a court of last resort has construed the language used in a statute, the General Assembly in subsequent statutes on the same subject matter intends the same construction to be placed upon such language.").

*Commonwealth v. Spenny*, 128 A.3d 234, 249-50 (Pa. Super. 2015).[5]

Accordingly, pursuant to the rules of statutory construction, we are required to follow the dictates of *Commonwealth v. Merolla* regarding the interpretation and application of 42 Pa.C.S. 9799.14(d)(16).[6] Because

_____

[5] *Spenny* is essentially a reiteration of the presumption discussed in *In re Estate of Mike Lock*, which stated:

> The Statutory Construction Act, Act of May 28, 1937, P.L. 1019, art. IV, s 52, 46 P.S. s 552 provides in part as follows: 'In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumption among others: * * * (4) That when a court of last resort has construed the language used in a law, the Legislature in subsequent laws on the same subject matter intend (sic) the same construction to be placed upon such language; * * *' It has been held, and rightly so, that where a decision of the Superior Court construing a statute was never modified by the Supreme Court, the presumption was that when the legislature subsequently enacted a similar statute dealing with the same subject matter, the legislature intended the same construction to be placed on the language of the subsequent statute.

*In re Estate of Mike Lock*, 244 A.2d 677, 682-83 (Pa. 1968) (citations omitted). (This case is also referred to as *In re Lock's Estate*.)

[6] We are aware of at least two unpublished decisions of our Court that have reached the same conclusion: *Commonwealth v. Taylor*, 2015 WL 7012589 (June 2, 2015) (unpublished memorandum) and *Commonwealth v. Mielnicki*, 53 A.3d 930 (Pa. Super. 2012 (unpublished memorandum). Our Supreme Court accepted allowance of appeal in *Mielnicki*, but later dismissed the appeal as improvidently granted. *See Commonwealth v. Mielnicki*, 105 A.3d 245 (Pa. 2013).

Similarly, we are aware that the Commonwealth Court reached a different conclusion, agreeing with Justice Castile's OISR in *Gehris*, *supra*. *See A.S. v. Pennsylvania State Police*, 87 A.3d 914 (Pa. Cmwlth. 2014). *(Footnote Continued Next Page)*

Yorgardy has been convicted of two or more Tier I or Tier II sexual offenses, he is subject to the Tier III requirements of a lifetime registration.

We conclude the trial court erred in its determination that Yorgardy is subject to Tier II registration requirements. Accordingly, we reverse the judgment of sentence solely as to the trial court's determination that Yorgardy is a Tier II offender, and remand for entry of an order reclassifying Yorgardy as a Tier III offender, subject to lifetime registration.

Judgment of sentence reversed as to the sexual offender classification. Matter remanded for action consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/28/2016



(*Footnote Continued*) ──────────

The majority decision in **A.S.** made no mention of our Court's decision in **Merolla**. The dissent in **A.S.** did mention **Merolla** and would have followed that reasoning. However, while decisions of the Commonwealth Court may be considered by our Court for their persuasive value, they are not binding upon the Superior Court. **See Commonwealth v. Heredia**, 97 A.3d 392, 395 n.4 (Pa. Super. 2014).