# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| JASON YODER | : | No. 127 EAL 2023 |
| | : | |
| v. | : | Petition for Allowance of Appeal |
| | : | from the Order of the Superior Court |
| | : | |
| MCCARTHY CONSTRUCTION, INC.; CASTELLI MECHANICAL DESIGN AND CATANIA ENGINEERING ASSOCIATES, INC. | : | |
| | : | |
| v. | : | |
| | : | |
| AIR CONTROL TECHNOLOGY, INC.; AND RRR CONTRACTORS, INC. | : | |
| | : | |
| PETITION OF: JASON YODER | : | |

## <u>ORDER</u>

**PER CURIAM**

    **AND NOW**, this 16th day of May, 2024, the Petition for Allowance of Appeal is **GRANTED**.  The issues, as stated by petitioners, are:

I    Whether this Court should overrule its decision in *Fonner v. Shandon, Inc.*, 724 A.2d 903 (Pa. 1999), and hold that the General Assembly's 1974 amendments to the Workers' Compensation Act, making it mandatory for all employers to obtain workers' compensation coverage, necessitates denying "statutory employer" status to general contractors unless they in fact have been called on to pay workers' compensation benefits to the injured employee of a subcontractor?

II      Whether this Court should overrule its decision in *LeFlar v. Gulf Creek Indus. Park #2*, 515 A.2d 875, 879 (Pa. 1986), holding that the statutory employer defense is unwaivable in the nature of subject-matter jurisdiction, in a case such as this where the supposed statutory employer was not called on to pay any workers' compensation benefits?

III     Whether the Superior Court failed to properly apply the factors that must be strictly established under McDonald v. Levinson Steel Co., 153 A. 424 (Pa. 1930), for a general contractor to qualify as a statutory employer in the light most favorable to the plaintiff as verdict-winner, necessitating at the very least a retrial at which the jury would resolve the disputed factual issues concerning whether McCarthy qualifies as Yoder's statutory employer under the McDonald test?

The Application of the Insurance Federation of Pennsylvania to Join the Amici Brief of the Philadelphia Association of Defense Counsel and the Pennsylvania Defense Institution in Opposition to Allowance of Appeal is **GRANTED**.