**[J-11-2025] [MO: Brobson, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| JASON YODER | : | No. 43 EAP 2024 |
| | : | |
| | : | Appeal from the Published Order of |
| v. | : | the Superior Court at No. 1605 EDA |
| | : | 2021 entered on January 31, 2023, |
| | : | vacating and remanding the |
| MCCARTHY CONSTRUCTION, INC.; | : | Judgment of the Philadelphia |
| CASTELLI MECHANICAL DESIGN AND | : | County Court of Common Pleas at |
| CATANIA ENGINEERING ASSOCIATES, | : | No. 180500769. |
| INC. | : | |
| | : | ARGUED: March 5, 2025 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AIR CONTROL TECHNOLOGY, INC.; AND | : | |
| RRR CONTRACTORS, INC., | : | |
| | : | |
| | : | |
| APPEAL OF: JASON YODER | : | |

## CONCURRING OPINION

**JUSTICE McCAFFERY**                      **DECIDED: October 23, 2025**

Based upon the principles of *stare decisis* and legislative acquiescence, I am constrained to agree with the Majority that Yoder has not advanced a "special justification — over and above the belief that the precedent was wrongly decided —" for us to overrule *Fonner v. Shandon, Inc.*, 724 A.2d 903 (Pa. 1999). Majority Opinion at 16 (*citing Commonwealth v. Reid,* 235 A.3d 1124, 1168 (Pa. 2020). Nevertheless, I write separately to reiterate my concern that the continued application of the five-part

*McDonald* test,[1] crafted nearly a century ago, has converted the statutory employer doctrine into a shield protecting negligent general contractors and leaving severely injured workers with no recourse.

As I, and several other jurists have expressed, the *McDonald* test is relic from a different time. *See Patton v. Worthington*, 89 A.3d 643, 650-651 (Pa. 2014) (Baer, J., concurring) ("[T]he mandatory nature of workers' compensation has rendered the statutory employer doctrine obsolete[; n]evertheless, it remains … as an irrational relic of a bygone era."); *Oster v. Serfass Const. Co., Inc.*, 284 A.3d 923 (Pa. Super. 2022) (unpub. memo. at *8-*10) (McCaffery, J., concurring in part); *Doman v. Atlas America, Inc.*, 150 A.3d 103, 109 (Pa. Super. 2016) (echoing statements from other judges that "the statutory employer doctrine no longer serves the remedial purpose of the Act").

When *McDonald* was decided in 1930, employers could opt out of the Act, and many subcontractors did so. The statutory employer doctrine was intended to address this lapse in coverage and ensure that an injured employee could collect benefits from the general contractor if his immediate employer — the subcontractor — failed to provide such benefits. However, after the 1974 amendments to the Act required **all employers** to obtain workers' compensation insurance, the primary reason for the additional protection offered under the statutory employer doctrine no longer existed. Therefore, when, as here, the immediate employer/subcontractor paid the injured employee's

---

[1] *See McDonald v. Levinson*, 153 A. 424 (Pa. 1930). The *McDonald* Court held that under Section 203 of the Workers' Compensations Act, a general contractor qualifies as a statutory employer if the following factors are present:

> (1) An employer who is under contract with an owner or one in the position of an owner. (2) Premises occupied by or under the control of such employer. (3) A subcontract made by such employer. (4) Part of the employer's regular business intrusted to such subcontractor. (5) An employee of such subcontractor.

*Id.* at 426. *See also* 77 P.S. § 52.

workers' compensation benefits, and the alleged negligent general contractor was not called upon to do so, "[c]ommon sense and logic dictate that the general contractor should not reap the benefits of civil liability immunity[.]" *Fonner*, 724 A.2d at 908 (Nigro, J., dissenting). In fact, as early as 1967, Judge Hoffman cautioned against this very outcome: "Section 203 of the Workmen's Compensation Act, which was designed to extend benefits to workers, should not be casually converted into a shield behind which negligent employers may seek refuge." *Stipanovich v. Westinghouse Elec. Corp.*, 231 A.2d 894, 898 (Pa. Super. 1967).

This brings me back to where I began — *Fonner*. As the Majority aptly observes, Yoder "reiterates the same claims that the appellant in *Fonner* raised and this Court rejected." Majority Opinion at 17. And, notwithstanding the repeated calls that "the General Assembly act, that policy-making branch has enacted no change to suggest that our decades-old interpretation of the Act is contrary to its intent." *Id.* at 20. Nonetheless, I am compelled to make that call once again — and advocate for a legislative mandate that requires an employer seeking statutory employer immunity to demonstrate that it actually paid the injured employee's workers' compensation benefits before receiving the benefit of statutory employer status and its concomitant immunity from liability.

Therefore, I respectfully concur.

Justices Dougherty and Mundy join this concurring opinion.