616 A.2d 1043

In re ESTATE OF Anna Dolores BARTOLOVICH a/k/a Anna
D. Bartolovich a/k/a Anna Bartolovich, Deceased.

**Appeal of James A. SOLAK.**

Superior Court of Pennsylvania.

Argued Sept. 30, 1992.

Filed Nov. 20, 1992.

420

Frank A. Wolfe, Ford City, for appellant.

William T. Woncheck, Jr., Natrona Heights, for appellee.

Before ROWLEY, President Judge, and POPOVICH and CERCONE, JJ.

ROWLEY, President Judge:

James A. Solak, executor of the estate of Thomas J. Bartolovich, appeals from the order of the trial court granting summary judgment to Mildred Margaret Baron, administratrix of the estate of Anna Dolores Bartolovich. The trial court determined that the Slayer's Act, 20 Pa.C.S. § 8801 *et seq.*, bars Mr. Bartolovich's estate from acquiring any rights in property held by Mr. and Mrs. Bartolovich as tenants by the entireties. After considering the arguments appellant raises in this appeal, we affirm the order granting summary judgment.

On May 1, 1986, an altercation between Mr. and Mrs. Bartolovich resulted in the death of Mrs. Bartolovich. After a jury trial, Mr. Bartolovich was found guilty of voluntary manslaughter. The judgment of sentence was affirmed by this Court. While serving his sentence, Mr. Bartolovich died. The Register of Wills of Allegheny County granted letters testamentary to appellant James A. Solak. Subsequently, Mildred Margaret Baron, as administratrix of Mrs. Bartolovich's estate, filed a petition seeking a determination that Mr. Bartolovich is barred from asserting any rights in property

held by him and his wife as tenants by the entireties. Ms. Baron then filed a motion for summary judgment. The trial court granted Ms. Baron's motion, and appellant filed this timely appeal.

■ Appellant first argues that an evidentiary hearing was required to determine whether Mr. Bartolovich is a slayer within the meaning of the Slayer's Act. Specifically, appellant contends that the record of Mr. Bartolovich's conviction is not conclusive evidence that he is a slayer, but is only admissible in evidence at a hearing, *see* 20 Pa.C.S. § 8814, and that a hearing is necessary so that appellant can present evidence that Mr. Bartolovich could not present at the criminal trial because it would have been inconsistent with his defense strategy.[1] Appellant's position has already been rejected by the Supreme Court in *In re Estate of Kravitz*, 418 Pa. 319, 211 A.2d 443 (1965). In *Kravitz*, the Court held that the record of a criminal conviction conclusively bars the slayer's right to share in the decedent's estate. *See also In re Estate of Klein*, 474 Pa. 416, 421 n. 13, 378 A.2d 1182, 1184 n. 13 (1977) (dicta).

■ Appellant next argues that a conviction of voluntary manslaughter does not necessarily satisfy the "wilful" component of the definition of a slayer.[2] In a related argument, he also contends that a hearing should be held to determine Mr. Bartolovich's state of mind at the time of the killing. In support of these arguments, appellant contends that the conviction of voluntary manslaughter does not necessarily prove that Mr. Bartolovich acted wilfully because the provocation sufficient to reduce murder to voluntary manslaughter must be such as to place the defendant beyond the control of reason. *Commonwealth v. Robinson*, 452 Pa. 316, 305 A.2d

---

1. Appellant asserts that "there was potential evidence available concerning prior incidents of attack upon the alleged Slayer by the decedent. The criminal defense counsel decided not to introduce those incidents of prior attack believing that this might lead the jury to conclude that the alleged Slayer acted with malice." Appellant's Brief at 11.

2. The Slayer's Act defines "slayer" as "any person who participates, either as a principal or as an accessory before the fact, in the wilful and unlawful killing of any other person." 20 Pa.C.S. § 8801.

354 (1973). Appellant apparently seeks to equate a killing which occurred while the defendant was "beyond the control of reason" with an involuntary killing. This argument is meritless. It is well-settled that voluntary manslaughter is an intentional killing. *Commonwealth v. Pitts,* 486 Pa. 212, 404 A.2d 1305 (1979); *Commonwealth v. Whitfield,* 475 Pa. 297, 380 A.2d 362 (1977); *Commonwealth v. Fisher,* 342 Pa.Super. 533, 493 A.2d 719 (1985). Wilfullness within the meaning of the Slayer's Act is equivalent to the intent element of voluntary manslaughter. A defendant's act of voluntary manslaughter is not rendered involuntary merely because he was responding to serious provocation.

■ Appellant also contends that both Mr. Bartolovich's state of mind and the degree of culpability of his deceased wife must be considered before it can be determined that Mr. Bartolovich acted wilfully. He asserts that "[a] trial for voluntary manslaughter makes no effort to allocate the degree of blame to the individual killed but merely looks to the consequences of the actions done by both parties to the event." Appellant's Brief at 7–8. Although the jury may not have allocated blame to Mr. Bartolovich's deceased wife, it is clear that they considered her actions by their decision to render a guilty verdict on the charge of voluntary manslaughter, rather than first-degree murder. In addition, "[t]he principal focus of the [Slayer's] Act is not ... one of balancing the slayer's interests against the interests of his victim's estate nor does the act reflect a legislative intent to profit the decedent's estate by diminishing any property right held by the slayer...." *Drumheller v. Marcello,* 516 Pa. 428, 433, 532 A.2d 807, 809 (1987) (quoting *In re Estate of Larendon,* 439 Pa. 535, 539, 266 A.2d 763, 765–66 (1970)). Similarly, the Slayer's Act does not require a balancing of the respective degrees of blame to be placed upon Mr. Bartolovich and his wife with regard to her death beyond the extent to which the wife's conduct was relevant in the criminal trial.

For the above reasons, we conclude that voluntary manslaughter is a wilful killing under the Slayer's Act. Furthermore, Mr. Bartolovich's conviction of voluntary manslaughter

conclusively bars his right to share in the decedent's estate. Therefore, a hearing to determine his mental state is unwarranted.

Order affirmed.