J-A30029-15

2016 PA Super 4

| ESTATE OF SUSAN C. MCANDREW | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: JOSEPH C. MCANDREW, JR. | |
| | No. 830 EDA 2015 |

Appeal from the Order Dated March 2, 2015
in the Court of Common Pleas of Montgomery County
Orphans' Court at No(s): 2011- X1951

BEFORE:  MUNDY, J., JENKINS, J., and FITZGERALD, J.*

OPINION BY JENKINS, J.:                    **FILED JANUARY 05, 2016**

Appellant Joseph McAndrew ("Appellant"), through his guardian *ad litem*, Joseph Hylan ("Guardian"), appeals the order entered March 2, 2015 in the Montgomery County Court of Common Pleas, Orphans' Court Division, dismissing Appellant's exceptions to the adjudication of Appellant's mother's will.  After careful review, we affirm.

On March 5, 2011, Appellant, then 23 years old and deeply mentally disturbed, killed his father, twin brother, and mother, Susan McAndrew ("Mother"), with a sword.  Following a bench trial, the trial court found Appellant "guilty but mentally ill" of three first-degree murders.  On November 20, 2014, the trial court sentenced Appellant to three consecutive

_____

* Former Justice specially assigned to the Superior Court.

terms of life imprisonment without parole, with the recommendation that he receive psychiatric treatment at SCI Waymart.[1]

Mother died intestate. Her husband and Appellant's twin were deemed to have predeceased her,[2] leaving Mother's father and Appellant himself as the only heirs to her estate. The administratrix of Mother's estate ("Administratrix") filed the estate's first and final account, which showed a balance of $837,639.83. Following the criminal proceedings, on December 19, 2014, the lower court entered an adjudication of the estate, holding that, despite being found guilty but mentally ill, the killing was willful and Appellant was a "slayer" barred from inheriting from Mother's estate.

Appellant filed objections to the adjudication. The lower court conducted oral argument on February 25, 2015, and dismissed and denied the objections by order dated March 2, 2015. Appellant timely appealed on March 27, 2015.

_____

[1] A panel of this Court affirmed Appellant's judgment of sentence on November 5, 2015. *See Commonwealth v. McAndrew*, 3548 EDA 2014, November 5, 2015, (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

[2] Pennsylvania's Simultaneous Death Act provides:

> Where the title to property or the devolution thereof depends upon priority of death and there is no sufficient evidence that the persons have died otherwise than simultaneously, the property of each person shall be disposed of as if he had survived, except as provided otherwise in this chapter.

20 Pa.C.S. § 8501.

Appellant now raises the following claim for this Court's review:

Does the Slayer's Act prohibit the slayer, found *guilty but mentally ill* of homicide, from inheriting the victim's estate?

Appellant's Brief, p. 3 (emphasis in original). Both parties agree this claim presents an issue of first impression that constitutes a question of pure law. Accordingly, the standard of this Court's review is *de novo*, and the scope of review is plenary. **Shafer Elec. & Const. v. Mantia**, 96 A.3d 989, 994 (Pa.2014).

### 1. The Slayer Act

Pennsylvania's Slayer Act[3] ("the Slayer Act") defines a "slayer" as "any person who participates, either as a principal or as an accessory before the fact, in the willful and unlawful killing of any other person." 20 Pa.C.S. § 8801. To prevent slayers from acquiring property or benefits from the estates of those they killed, the Slayer Act provides:

No slayer shall in any way acquire any property or receive any benefit as the result of the death of the decedent, but such property shall pass as provided in the sections following.

20 Pa.C.S. § 8802. To accomplish this goal, the Slayer Act deems slayers

to have predeceased the decedent as to property which would have passed from the decedent or his estate to the slayer under the statutes of descent and distribution or have been acquired by dower, by curtesy or by statutory right as surviving spouse.

---

[3] 20 Pa.C.S. § 8801 et seq.

- 3 -

20 Pa.C.S. § 8803. Further, the Slayer Act expressly states that it shall "be construed broadly in order to effect the policy of this State that no person shall be allowed to profit by his own wrong, wherever committed." 20 Pa.C.S. § 8815.

In addition to the Slayer Act, the Probate, Estates and Fiduciaries Code expressly provides:

> **Slayer's share.--**Any person who participates either as a principal or as an accessory before the fact in the wilful [sic] and unlawful killing of any person shall not in any way acquire property or receive any benefits as the result of such killing, but such property or benefits shall be distributed as provided in Chapter 88 of this code (relating to slayers).

20 Pa.C.S. § 2106(c).

A criminal conviction for murder acts as a conclusive bar to the slayer receiving any benefit from the victim's estate.[4] *In re Kravitz's Estate*, 211 A.2d 443, 448 (Pa.1965) (holding that a record of conviction and judgment of sentence for murder is not merely *prima facie* evidence of, but is a *conclusive bar* to, slayer's right to take under or against decedent's will); *see also In re Klein's Estate*, 378 A.2d 1182, 1186 n.21 (Pa.1977) (record of a murder conviction conclusively establishes a willful and unlawful killing under the Slayer's Act). Further, the Slayer Act expressly permits the

---

[4] The same is true of convictions for voluntary manslaughter. *In re Estate of Bartolovich*, 616 A.2d 1043, 1045 (Pa.Super.1992) ("voluntary manslaughter is a willful killing under the Slayer's Act").

introduction of the record of a murder conviction in estate challenges as follows:

> The record of his conviction of having participated in the willful and unlawful killing of the decedent shall be admissible in evidence against a claimant of property in any civil action arising under this chapter.

20 Pa.C.S. § 8814.

### 2. Insanity defense vs. guilty but mentally ill

Appellant was found "guilty but mentally ill" of three first-degree murders. The Crimes Code defines first-degree murder as an "intentional killing[,]" which by definition is a killing that is "willful, deliberate and premeditated[.]" *See* 18 Pa.C.S. § 2502 (a & d). Appellant now invites this Court to treat his verdict of "guilty but mentally ill" the same as a verdict of "not guilty by reason of insanity," which verdict would allow Appellant to inherit from Mother's estate. *See* Appellant's Brief, pp. 9-12. We decline Appellant's invitation.

In a codification of the English common law insanity defense known as the *M'Naghten* Rule, the Crimes Code defines the insanity defense as follows:

> **(a) General rule.--**The mental soundness of an actor engaged in conduct charged to constitute an offense shall only be a defense to the charged offense when the actor proves by a preponderance of evidence that the actor was legally insane at the time of the commission of the offense.
>
> **(b) Definition.--**For purposes of this section, the phrase **"legally insane"** means that, at the time of the commission of the offense, the actor was laboring under such a defect of

reason, from disease of the mind, as not to know the nature and quality of the act he was doing or, if the actor did know the quality of the act, that he did not know that what he was doing was wrong.

18 Pa.C.S. § 315. As of 1982, the Crimes Code has included the additional verdict option of "guilty but mentally ill", which the Code explains as follows:

> **(a) General rule.--**A person who timely offers a defense of insanity in accordance with the Rules of Criminal Procedure may be found "guilty but mentally ill" at trial if the trier of facts finds, beyond a reasonable doubt, that the person is guilty of an offense, was mentally ill at the time of the commission of the offense and was not legally insane at the time of the commission of the offense.
>
> *****
>
> **(c) Definitions.--**For the purposes of this section and 42 Pa.C.S. § 9727 (relating to disposition of persons found guilty but mentally ill):
>
> (1) "*Mentally ill.*" One who as a result of mental disease or defect, lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law.
>
> (2) "*Legal insanity.*" At the time of the commission of the act, the defendant was laboring under such a defect of reason, from disease of the mind, as not to know the nature and quality of the act he was doing or, if he did know it, that he did not know he was doing what was wrong.
>
> **(d) Common law M'Naghten's Rule preserved.--**Nothing in this section shall be deemed to repeal or otherwise abrogate the common law defense of insanity (M'Naghten's Rule) in effect in this Commonwealth on the effective date of this section.

18 Pa.C.S. § 314.

Regarding the interplay between the insanity defense and a verdict of guilty but mentally ill, this Court has explained:

- 6 -

Several steps of inquiry logically follow from the legislature's express language. First, the fact finder is called upon to determine if the Commonwealth has proven that the actor is guilty of every element of the offense charged beyond a reasonable doubt. The Commonwealth needed to prove that [the defendant] was guilty beyond a reasonable doubt of each element of [the crimes charged]. If the Commonwealth fulfills its burden of proof, . . . the fact finder then moves to the second step of the probe.

The second step calls for a determination of whether the accused has proven the defense of insanity by a preponderance of the evidence. If he was able to succeed in proving by a preponderance of evidence that he was insane at the time of the commission of the offense, then he must be acquitted. However, if the accused was unable to fulfill his burden of proving insanity, . . . then the fact finder moves to the third level of scrutiny.

The third level of examination calls for the fact finder to ascertain whether the facts establish beyond a reasonable doubt that the accused was mentally ill. If the fact finder establishes that the accused meets the statutory definition, the verdict must be guilty but mentally ill. If [the fact finder finds] that the evidence [does] not support the finding of mental illness, then the verdict would [be] merely guilty.

*Commonwealth v. Trill*, 543 A.2d 1106, 1127-28 (Pa.Super.1988).

Here, (1) the Commonwealth proved the elements of first-degree murder beyond a reasonable doubt; (2) Appellant failed to prove by a preponderance of the evidence that he was insane at the time of the commission of the murders;[5] and (3) the trial court – the fact-finder – determined Appellant was mentally ill.

_____

[5] Had Appellant proven he was insane, the trial court would have returned a verdict of not guilty.

The fundamental fact is that Appellant was found guilty of first-degree murder. By definition, this guilty verdict means that Appellant committed a "willful, deliberate and premeditated" crime. *See* 18 Pa.C.S. § 2502 (a & d). While the guilty but mentally ill verdict will entitle Appellant to greater access to mental health treatment while in prison, it does not transform the verdict into a successful insanity defense, which would have resulted in an acquittal.

Both sides and the lower court correctly note that no reported Superior Court case has determined the application of the Slayer's Act to a verdict of guilty but mentally ill. However, Appellant and the trial court each discuss a 1988 Common Pleas case, ***Prudential Insurance v. Roberts***, 8 Fiduc.Rep.2s 309 (C.P. Westmoreland 1988). *See* Appellant's Brief, p. 10; Trial Court Order, December 19, 2014, pp. 3-4. In ***Roberts***, the Westmoreland County Court of Common Pleas addressed the application of the Slayer Act to a verdict of guilty but mentally ill in denying the slayer benefits from the decedent's insurance policy. The ***Roberts*** court determined as follows:

> No one questions the fact that the shooting death of [the deceased] was unlawful, the question is: does the mentally ill aspect of the guilty verdict preclude what would be the normal legal conclusion arising out of a guilty verdict on a murder charge, that the killing was also willful.
>
> A verdict of not guilty by reason of insanity has been held not to raise the bar of the Slayer[] Act (***Gabel Est.***, 27 Fiduc.Rep. 322); but that is not the verdict rendered in [the defendant's] case.

- 8 -

In [***In re***] ***Kravitz***[***'s Estate***, 211 A.2d 443,] 418 Pa. 319 [(1965)], the Supreme Court held that a murder conviction was a conclusive bar to the convicted party's right to receive any property or benefit because of the Slayer Act. We have here a murder conviction. Should it be treated any differently because the verdict reflected that the defendant was mentally ill in addition to being guilty?

The verdict of guilty but mentally ill was created by statute in 1982: 18 Pa.C.S.[] Section 314. Its intended effect was not to excuse criminal conduct as is the case where a defendant is found not guilty by reason of insanity; rather, the legislature provided that a person found guilty but mentally ill "may have the same sentence imposed upon him which may be lawfully imposed on any defendant convicted of the same offense." 42 Pa.C.S.[] Section 9727. The act does not in any way reduce the defendant's culpability for his or her act nor in any way does it negate the element of intent or willfulness normally required for conviction. The only difference is that at sentencing the court may, after a finding that the defendant is severely mentally disabled and in need of treatment, order the defendant to serve some or all of the sentence imposed in treatment pursuant to the "Mental Health Procedures Act" 42 Pa.C.S.[] Section 9272(a) and (b).

\*\*\*

[W]e conclude that a guilty but mentally ill verdict where the defendant has been convicted of murder does not diminish the legal sanctions which may come to bear on the person convicted. Among the sanctions which follow a murder conviction is the civil disability imposed upon the convicted person under the Slayer's Act.

***Roberts***, 8 Fiduc.Rep.2s at 310.

Using the ***Roberts*** court's reasoning, the trial court stated the

following in denying Appellant's objections to Mother's estate's accounting:

We can find no flaw in [the ***Roberts*** court's] logic. For this reason, we are not persuaded by the spirited arguments of [Appellant's] guardian *ad litem* as to why the Slayer's Act should not apply. The guardian parses the concept of "guilty but mentally ill" by referring to the definition of a mentally ill person

in the Crimes Code, *to wit*: "One who as a result of mental disease or defect, lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law." 18 Pa.C.S.[] § 314.

The guardian asserts that, under this definition, [Appellant] should not be deemed to have acted willfully and with the intent to kill. He argues that the Slayer's Act should apply only when "a person who intentionally kills the decedent with a primary motivation of gaining financial benefit from the decedent's estate or . . . the person, not suffering from a mental disorder, kills the decedent[.]" (Guardian's Supplemental Brief, 6).

We find this proposed refinement of the Slayer's Act can not [sic] be grafted onto the plain language of the statute. Therefore, we must dismiss the [Appellant's] objections to the account, and hold [Appellant] is a slayer and is barred from inheriting from his mother's estate.

Trial Court Order, December 19, 2014, pp. 4-5.

We find the trial court properly decided this matter based on the sound reasons in the **Roberts** court's persuasive decision. Accordingly, we hold that a verdict of guilty but mentally ill for first-degree murder bars a killer from inheriting from the decedent's estate under the Slayer Act.[6]

Order affirmed.

---

[6] We note that the Eastern District of Pennsylvania, in a separate matter brought in federal court by father's life insurer, applied Pennsylvania law to also determine that Appellant was a slayer. ***See Genworth Life & Annuity Insurance Company v. Estate of Joseph McAndrew, Sr., et al.***, Civil Action No. 2:14-cv-01578-W.Y. (E.D.Pa.) (applying Pennsylvania law).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/5/2016</u>