J-A13025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ESTATE OF KENNETH C. ABBOTT, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: COLIN ABBOTT | No. 1071 WDA 2015 |

Appeal from the Order entered June 19, 2015
In the Court of Common Pleas of Butler County
Orphans' Court at: O.C. No. 2011-143 – Estate No. 10-12-0709

| | |
|---|---|
| IN RE: ESTATE OF KENNETH C. ABBOTT, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: KATHLEEN F. NEAL, EXECUTRIX OF THE ESTATE OF KENNETH C. ABBOTT | No. 1155 WDA 2015 |

Appeal from the Order entered June 19, 2015
In the Court of Common Pleas of Butler County
Orphans' Court at: O.C. No. 2011-143

BEFORE:  OLSON, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                **FILED SEPTEMBER 16, 2016**

In this cross-appeal, Colin Abbott (Appellant) appeals from the June

19, 2015 order of the Court of Common Pleas Butler County, granting the

summary judgment motion of Cross-Appellant, Kathleen F. Neal, executrix of Kenneth C. Abbott's Estate (Cross-Appellant), and denying Appellant's motion for summary judgment. Upon review, we affirm.

The trial court summarized the factual and procedural background in its Pa.R.A.P. 1925(a) opinion, which we incorporate here by reference. ***See*** Trial Court Opinion, 8/14/15, at 1-3 (opinion issued in connection with Appellant's appeal).[1] Briefly, on February 26, 2013, Appellant entered pleas of *nolo contendere* to two counts of third degree murder for the killing of his father, Kenneth C. Abbott, and his step-mother, Celeste M. Abbott. On February 27, 2013, the trial court sentenced Appellant to no less than 35 years but no more than 80 years in a state correctional institution.

On April 10, 2013, Cross-Appellant filed a petition to declare the applicability of the Slayer Act, 20 Pa.C.S.A. § 8801 *et seq.*,[2] and to prevent

_____

[1] The trial court issued two Rule 1925(a) opinions on the same day (August 14, 2015): one in connection with Appellant's appeal, one in connection with Cross-Appellant's appeal.

[2] The Slayer Act

> defines a "slayer" as "any person who participates, either as a principal or as an accessory before the fact, in the willful and unlawful killing of any other person." 20 Pa.C.S. § 8801. To prevent slayers from acquiring property or benefits from the estates of those they killed, the Slayer Act provides: ["]No slayer shall in any way acquire any property or receive any benefit as the result of the death of the decedent, but such property shall pass as provided in the sections following.["] 20 Pa.C.S. § 8802. To accomplish this goal, the Slayer Act deems slayers to have predeceased the decedent as to property which would have

*(Footnote Continued Next Page)*

Appellant from claiming any property as a named beneficiary in his father's last will and testament.

In the meantime, Appellant appealed his criminal convictions to this Court, alleging his *nolo contendere* pleas were not entered voluntarily, knowingly, or intelligently. On November 14, 2013, this Court affirmed the judgment of sentence. **See Commonwealth v. Abbott**, No. 708 WDA 2013, unpublished memorandum at 8 (Pa. Super. filed November 14, 2013). On April 15, 2014, our Supreme Court denied Appellant's petition for allowance of appeal. **See Commonwealth v. Abbott**, 89 A.3d 1282 (Pa. 2014). While the criminal proceedings were pending, the civil proceedings were stayed.

Upon conclusion of the criminal proceedings, the civil proceedings were resumed. In response to a motion by Appellant, the trial court scheduled a jury trial to commence the week of May 18, 2015. Accordingly, the parties filed their pre-trial statements. Upon review of said statements, the trial court noted that the issues raised by Appellant were legal issues rather than factual ones, which did not require a factual determination by a jury. Thus,

*(Footnote Continued)* ─────────────

> passed from the decedent or his estate to the slayer under the statutes of descent and distribution or have been acquired by dower, by curtesy or by statutory right as surviving spouse. 20 Pa.C.S. § 8803.

**In re Estate of McAndrew**, 131 A.3d 988, 990 (Pa. Super. 2016) (footnote omitted).

- 3 -

the court canceled the trial and entertained the matter as a summary judgment motion.

Upon consideration of the parties' motions, responses, and arguments, the trial court granted Cross-Appellant's motion for summary judgment on the applicability of the Slayer Act, and denied Appellant's motion for summary judgment. This appeal followed.

Appellant raises two issues for our review:

A) Does a nolo contend[ere] plea or a prison sentence constitute a conviction and dispositive evidence that a person is a slayer under the Slayer's Act, despite the express prohibition of Pa.R.E. 410?

B) Without a conviction by the criminal courts, does the Orphans' Court have subject matter jurisdiction and statutory authority under the Slayer's Act to hold an evidentiary hearing and make a de novo declaration that a person is slayer?

Appellant's Brief at 2-3.

When reviewing the trial court's disposition of a summary judgment motion, this Court employs the following standard:

We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

***Szymanowski v. Brace***, 987 A.2d 717, 721–22 (Pa. Super. 2009) (citations omitted). At issue, here, is whether Appellant is a slayer for purposes of the Slayer Act, which is a question of law. ***In re Estate of McAndrew***, 131 A.3d at 989-90.

The Slayer Act defines a "slayer" as any person who "participates . . . in the willful and unlawful killing of any other person." 20 Pa.C.S.A. § 8801. Once a person is charged with voluntary manslaughter or homicide, with limited exception not applicable here, any and all property or benefit that would otherwise pass to a person under a decedent's estate is placed in escrow and held by the deceased's personal representative. 20 Pa.C.S.A. § 8814.1. Upon "conviction" of a charge, the property or benefit held in escrow will not pass to the slayer, but rather, the property shall be distributed as if the slayer convicted had predeceased the decedent, ***id.***, and 20 Pa.C.S.A. §§ 8803, 8804, thus preventing a slayer from acquiring property or benefits from the estate of the person they have killed. ***See,*** n.2, ***supra***.

Relying on Pa.R.E. 410(a)(2), Appellant first argues the trial court was statutorily prohibited from considering his *nolo contendere* plea as a conviction for purposes of determining whether he is a "slayer" under the Slayer Act. We disagree.

Appellant spends considerable time arguing and pointing to authorities to support the legal principle memorialized in Rule 410(a), *i.e.*, in a civil or

criminal case, that evidence of a *nolo contendere* plea is not admissible against a defendant who made the plea or participated in the plea discussion. However, Appellant's analysis is shortsighted. As pointed out by the trial court, Appellant's admission (or lack thereof) of guilt is not an issue here. The only issue here is whether Appellant was **convicted** of a qualifying crime. The record is clear on this matter: Appellant was convicted of third degree murder for the killing of his father, thus disqualifying him from receiving property or benefits under his father's will.

Appellant's fails to appreciate that our rules of evidence distinguish "between the use of a *nolo* plea as evidence of the fact of conviction as opposed to evidence of the commission of the underlying crime." **United States v. Poellnitz**, 372 F.3d 562, 569 (3d Cir. 2004) (citing Pa.R.E. 410 and Comment; **Eisenberg v. Commonwealth**, 516 A.2d 333 (Pa. 1986)).

> For example, in **Strain v. Commonwealth**, [784 A.2d 845 (Pa. Cmwlth. 2001)] the court explained that "our Supreme Court has upheld the use of a conviction entered on a plea of *nolo contendere* as evidence in a subsequent civil matter where it was the fact of conviction, not the plea, that was the operative fact relied upon." **Id.** [at 848] (citing **Eisenberg**). The **Strain** court went on to explain that in that case "[s]uspension of a licensee's operating privilege under the Compact ... does not turn on whether the licensee has admitted or denied guilty; it is the conviction that triggers the provision." **Id.; see also Bourdeev v. Commonwealth**, 755 A.2d 59, 61-62 ([Pa. Cmwlth.] 2000); **Commonwealth v. Boyd**, 221 Pa. Super. 371, 292 A.2d 434, 435 (1972) ("Where a plea of nolo contendere is tendered by the defendant and accepted by the court, it is not the province of the court to occupy itself with the question of guilt or innocence."); **Ferrelli v. Commonwealth**, 783 A.2d 891, 893 ([Pa. Cmwlth.] 2001).

***Poellnitz***, 372 F.3d at 569. Thus, the trial court did not err in considering the operative fact of Appellant's third degree murder conviction for purposes of determining Appellant's ability to receive under the will.

Appellant also ignores that, upon entry of the *nolo contendere* plea, a judgment of conviction follows. This is a well-established concept. ***See***, ***e.g.***, ***Commonwealth ex rel. District Attorney v. Jackson***, 94 A. 233, 235 (Pa. 1915); ***Buck v. Commonwealth***, 107 Pa. 486, 489 (Pa. 1884); ***Commonwealth v . Smith***, 30 A.2d 339, 346-47 (Pa. Super. 1943); ***Commonwealth v. Ferguson***, 44 Pa. Super. 626 (1910). Appellant nonetheless argues the word "conviction" should be construed strictly, as understood in criminal statutes. Specifically, Appellant argues, that for purposes of the Slayer Act, the word conviction requires an ascertainment of guilt. Because there is no ascertainment of guilt in a *nolo contendere* plea, *nolo contendere* pleas do not qualify as convictions. Appellant provides no authority for this contention, nor do we find any in our research.[3] Indeed, Appellant relies on ***Commonwealth v. Kimmel***, 565 A.2d 426 (Pa. 1989) and emphatically criticizes the trial court for its failure to acknowledge ***Kimmel***. Reliance on ***Kimmel*** is misplaced. Appellant fails to appreciate

---

[3] Additionally, nowhere did Appellant reconcile his proposed definition of "conviction" with the Slayer Act's provision that expressly states that the Act shall "be construed broadly in order to effect the policy of this State that no person shall be allowed to profit by his own wrong, wherever committed." 20 Pa.C.S.A. § 8815.

that *Kimmel* does not deal with *nolo contendere* pleas, or the Slayer Act. As such, *Kimmel* is not controlling. To the extent *Kimmel* provides a definition of what "conviction" generally means, Appellant fails to appreciate that the definition provided therein is a general statement of law, and was not intended to cover all instances. As noted above, a criminal conviction will follow a *nolo contendere* plea.[4] *See*, *e.g.*, *Ferguson*, *supra*.

In conclusion, because Appellant was convicted of third degree murder of his father, Appellant, under the Slayer Act, is barred from receiving any benefit from the father's estate. Accordingly, the trial court did not err in so concluding. Appellant, therefore, is not entitled to relief.[5] Accordingly, we affirm the order of June 19, 2015 and direct that a copy of the trial court's August 14, 2015 Rule 1925(a) opinion issued in connection with Appellant's appeal be attached to any future filings in this case.

Order affirmed.

---

[4] *See also King v. Schroeder*, 2016 WL 127787, at *5 (January 12, 2016) (Under Pennsylvania Slayer Act, plea of nolo contendere to voluntary manslaughter serves as a bar to recovery of the annuity proceeds).

[5] In light of our disposition, we need not address Appellant's second issue, *see supra*, and Cross-Appellant's cross-appeal. Cross-Appellant stated its claim as follows: "The Estate was at all times ready, willing and able to present evidence that Colin Abbott murdered Kenneth Abbott and, therefore, is precluded from receiving any benefit from the Kenneth C. Abbott Estate." Cross-Appellant's Brief at 42.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/16/2016

**IN THE COURT OF COMMON PLEAS OF BUTLER COUNTY, PENNSYLVANIA**

IN RE:                        :         **ORPHANS' COURT**
THE ESTATE OF KENNETH C. ABBOTT,     :         **O.C. No. 143 of 2011**
Deceased.                    :

**Yeager, J.**                                             **August 14, 2015**

## RULE 1925(a) OPINION

The Appellant, Colin W. Abbott (hereinafter "Appellant"), appeals from the Order of Court under date of June 19, 2015, which granted Appellee's, Kathleen F. Neal, Executrix of the Estate of Kenneth C. Abbott, Motion for Summary Judgment on the Applicability of the Slayer's Act, and denied Appellant's Motion for Summary Judgment, adjudicating Colin W. Abbott a slayer within the meaning of the Pennsylvania Slayer's Act.

The facts and history of the instant matter are as follows. This case arises out of a Petition filed by the Executrix of the Estate of the Decedent, Kenneth C. Abbott, to determine the applicability of the Slayer's Act relative to Decedent's son, Colin W. Abbott. The said Colin W. Abbott having entered pleas of *nolo contendere* to two counts of Third-Degree Murder for the unlawful killing of his father, Decedent, Kenneth C. Abbott, and his step-mother, Celeste M. Abbott, on February 26, 2013, in the Court of Common Pleas of Butler County, Pennsylvania. *See Commonwealth of Pennsylvania v. Colin Abbott,* Butler County Criminal Docket Number CR 2011-1863. As a result of the aforementioned pleas, on February 27, 2013, Appellant, Colin W. Abbott, was sentenced to a term of imprisonment of no less than thirty-five (35) years, but no more than eighty (80) years, in a Pennsylvania State Correctional Institution. *Id.*

6097

Following Appellant's sentencing, Appellee filed the above referenced Petition for Citation to Declare Applicability of Slayer's Act Pursuant to 20 Pa.C.S.C §8801 et. seq. on or about April 10, 2013, seeking to apply the Slayer's Act to prevent Appellant, Colin W. Abbott, from claiming any property as a named beneficiary in Decedent's, Kenneth C. Abbott, Last Will and Testament under date of April 24, 2010. As a result of a number of direct appeals filed by Appellant, this Court stayed the proceedings on the aforesaid Petition until disposition of the direct appeals in the *Commonwealth of Pennsylvania v. Colin Abbott*, CR-1863-2011, criminal case. *See* Order of Court under date July 27, 2013.

On November 14, 2013, the Superior Court of Pennsylvania affirmed the trial court on direct appeal,[1] and on April 15, 2014, the Supreme Court of Pennsylvania denied the Petition for Allowance of Appeal.[2] Upon Motion by Appellee, and Order of Court under date June 19, 2014, argument on Appellee's Petition for Citation to Declare Applicability of Slayer's Act Pursuant to 20 Pa.C.S.C §8801 et. seq., was rescheduled. *See* Order of Court under date June 19, 2014.

Upon Motion of Appellant, the Court scheduled a jury trial in this matter to commence the week of May 18, 2015, through May 21, 2015. *See* Status Conference Order under date February 26, 2015. As a result, both Appellee and Appellant filed Pre-Trial Statements. Upon review of said Pre-Trial Statements, it came to the attention of the Court that the issues raised by the Appellant, Colin W. Abbott, were legal issues rather than factual ones. Because such issues are improper for a jury sitting as the finder of fact, the Court cancelled the jury trial, and decidedly heard the issues surrounding the applicability of Slayer's Act as Motions for Summary Judgment on May 21, 2015. *See* Pre-Trial Conference Order under date April 23, 2015. Upon consideration of the parties' filings with respect to their Motions

---

[1] Docket Number 708 WDA 2012
[2] Docket Number 571 WDA 2013

2

6098

for Summary Judgment, and the May 21, 2015, oral arguments heard on the same, this Court adjudicated Colin W. Abbott a slayer within the meaning of the Pennsylvania Slayer's Act such that the said Colin W. Abbott was to be treated as though he had predeceased the Decedent, Kenneth C. Abbott, with respect to any property or benefit conveyed to Colin W. Abbott via the provisions of The Last Will and Testament of the Decedent, Kenneth C. Abbott, under date of April 21, 2010. *See* Memorandum Opinion and Order of Court under date June 19, 2015

On or about July 29, 2015, the Appellant filed a Concise Statement of Matters Complained of on Appeal pursuant to the Pennsylvania Rules of Appellate Procedure. The Appellant avers that this Honorable Court erred in the following ways:

1. The Court erred in granting the Executrix's Motion for Summary Judgment;
2. The Court erred in denying Colin's Motion for Summary Judgment;
3. The Court erred in adjudicating and declaring Colin a slayer under the Slayer's Act;
4. The Court erred in determining that there existed an admissible "conviction";
5. The Court erred in ordering that the Estate pass as if Colin predeceased, despite there being no conviction as required by 20 Pa.C.S. § 8814.1(a);
6. The Court erred when it failed to apply the plain language of the Slayer's Act, in general, and 20 Pa.C.S. § 8814.1(a), in specific;
7. The Court erred when it decided that it had any jurisdiction or authority beyond that specifically proscribed in the Slayer's Act, in general, and 20 Pa.C.S. § 8814.1(a), in specific;
8. The Court erred when it refused to give Abbott the protection provided by Pa.R.E. 410(a)(2) and applicable case law, and referred to, considered, or relied upon a *nolo contendre* plea in any manner;
9. The Court erred when it determined that the sentence that results from a plea of *nolo contendre* is a "conviction" under the Slayer's Act;
10. The Court erred when it refused to define the term "conviction" as it is commonly and ordinarily defined, and as specifically set forth by the Supreme Court in *Commonwealth v. Kimmell*, 565 A.2d 426 (Pa. 1989);
11. The Court erred when it decided that a "conviction" under the Slayer's Act does not require an ascertainment of guilt or that the Slayer's Act can apply without an ascertainment of guilt; and
12. The Court erred when it decided that it had jurisdiction or authority to hold an evidentiary hearing or trial to determine or make a *de novo* determination that Colin is a slayer where the Slayer's Act provides no statutory basis for doing so.

3

6099

This Court considers the Appellant's contentions as follows:

According to Rule 1035.2(1) of the Pennsylvania Rules of Civil Procedure, a party may move for summary judgment as a matter of law after the relevant pleadings are closed. Specifically, the Rule states:

> "[W]henever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report,. . ."

Additionally, the Note to Rule 1035.2 states, "An example of a motion under subparagraph (1) is a motion supported by a record containing an admission. By virtue of the admission, no issue of fact could be established by further discovery or expert report."

To this extent, summary judgment is appropriate only in cases that are clear and free from doubt. *Redland Soccer Club, Inc. v. Department of the Army and Dept. of Defense of the U.S.*, 696 A.2d 137 (Pa. 1997). Further, a court must view the record in the light most favorable to the non-moving party and resolve all doubts concerning the existence of a genuine material fact against the moving party. *Id.* Moreover, the Courts have held that for the purposes of summary judgment, a material fact is one that directly affects the outcome of the case. *Kenney v. Jeanes Hosp.*, 769 A.2d 492 (Pa.Super. 2001). As such, it is not the Court's function to decide any issues of fact, but to solely determine whether there is a genuine issue of material fact to be tried. *McDonald v. Marriott Corp.*, 564 A.2d 1296 (Pa.Super. 1989).

As previously indicated, when allowed the opportunity to brief issues of fact, neither party did so. The material facts of the proceeding at issue were entirely agreed upon by the parties. That is, Appellant, Colin W. Abbott, is a named beneficiary in the Decedent's, Kenneth C. Abbott, Last Will and Testament under date of April 24, 2010, and Appellant

4

6100

plead *nolo contendere* to two counts of Third Degree Murder with respect to the unlawful killing of his father, the Decedent, Kenneth C. Abbott, and his step-mother, Celeste M. Abbott. As such, this matter was ripe for summary judgment, and Appellee was entitled to judgment as a matter of law in her favor.

## A. Jurisdiction

Appellant's argument against the application of the Slayer's Act to him suggests that this Court lacked statutory jurisdiction to decide this matter. *See* Colin Abbott's Motion for Summary Judgment. This Court rejects said argument in its entirety, if only because it is incomprehensible that the Legislature enacted the Slayer's Act in an effort to prevent slayers from profiting from their crimes, but did not vest authority in any Court to hold hearings and determine that to be the result. Further, the Appellant cites to the Pennsylvania Supreme Court's decision in *In Re Klein*, 378 A.2d 1182 (Pa. 1977), which affirmed the trial court in holding that the killing at issue was not willful as is required for application of the Slayer's Act. *See* Brief in Support of Colin Abbott's Motion for Summary Judgment. Similar to the matter that was before this Court, the decision in *In Re Klein* is based upon a determination of the applicability of the Slayer's Act by a trial court which was subsequently upheld by the Pennsylvania Supreme Court. Thus, when sitting as the Orphans' Court, this Court does in fact have the jurisdiction and authority to determine issues as to the applicability of the Slayer's Act.

## B. Applicability of Slayer's Act

Appellant furthers argues against the application of the Slayer's Act in that a plea of *nolo contendere* is not an admissible or sufficient "conviction" under the Slayer's Act, such

5

6101

that said plea fails to trigger the Act's application to him. *See* Brief in Support of Colin Abbott's Motion for Summary Judgment. Conversely, it was Appellee's assertion that such a plea is sufficient to apply the Slayer's Act so as to prevent Appellant from taking under the Decedent's, Kenneth C. Abbott, Last Will and Testament under date of April 24, 2010. *See* Brief in Support of Motion for Summary Judgment on the Applicability of the Slayer's Act.

The Slayer's Act Preadjudication Rule states in relevant part:

> (a)     General rule.–If a person has been charged, whether by indictment, information or otherwise, by the United States, the Commonwealth…with…homicide…in connection with a decedent's death, then any and all property or benefit that would otherwise pass to that person from the decedent's estate shall be placed and preserved in escrow by the person duly appointed by the register as the personal representative…Upon conviction of the charge, the property or benefit held in escrow shall pass in accordance with the terms and provision of this chapter.

20 Pa. C.S.A. § 8814.1(a). The terms and provisions upon which this rule relies provide that a slayer, once determined to be same, will be deemed to have predeceased the decedent with respect to any property or benefit which would have passed from the decedent to the slayer. 20 Pa. C.S.A § 8803. Where there is a conviction of a charge of homicide, the record of said conviction is specifically admissible in matters concerning the Slayer's Act. 20 Pa. C.S.A. § 8814. The admissibility of the record of conviction, and the Preadjudication Rule as a whole, act to prevent the need to relitigate the issue of whether the suggested "slayer" committed the crime. It is of further note to this Court that the Legislature instructs that the Act "… be construed broadly in order to effect the policy of this State that no person shall be allowed to profit by his own wrong, wherever committed." 20 Pa. C.S.A. § 8815.

However, nowhere in the Slayer's Act is the term "conviction" defined. Where a statute fails to define a term that is of common usage, the term is to be given the common and approved usage meaning. 1 Pa. C.S.A § 1903(a). In this case, the term "conviction" is a

6

6102

commonly used word such that it has a common and approved usage meaning. It is this Court's position that the common and approved understanding of the term "conviction" is centered on the final result of charges or a proceeding, rather than the method by which it is reached. This Court practically considered that Appellant is currently serving a sentence of no less than thirty-five (35) years, but no more than eighty (80) years, in a Pennsylvania State Correctional Institution. Logically, it follows that this sentence can only be as a result of a conviction, whether by plea or otherwise. Additionally, it is of note that the opposite of "conviction" is "acquittal" which is commonly understood as releasing the charged party without sentence. *See* Merriam-Webster online Dictionary, http://www.merriam-webster.com/dictionary/acquittal. Although Appellant is right that a plea of *nolo contendere* is not an expression of guilt,[3] his sentence and subsequent prison term can only be commonly understood as having resulted from a "conviction."

In further determining the common usage of "conviction," the Court found uncontrolling guidance in the definition given to the term in other statutes.[4] Most persuasive was the definition of "conviction" as laid out in the Pennsylvania Criminal Code.[5] Said definition, along all of the others cited, expressly includes the entry of a plea of *nolo contendere*. Although, Black's Law Dictionary defines the term "conviction"[6] absent any reference to a *nolo contendere* plea, the term "convict,"[7] a verb, does.

---

[3] *See* Pages 6-7, Brief in Support of Colin Abbott's Motion for Summary Judgment.
[4] "[A] conviction includes a plea of guilty, a plea of nolo contedere, a finding of guilt by a court ..." 75 Pa. C.S.A. § 6501(a); "The term 'conviction' means any guilty verdict, whether after trial by judge or jury, or finding of guilt, and any plea of guilty or *nolo contendere* that has been accepted by the court ..." 204 Pa. Code § 91.38; "Convicted." "Includes conviction by entry of plea of guilty or nolo contendere, conviction after trial ..." 42 Pa. C.S.A §9799.12.
[5] A conviction is "a finding of guilty or the entering of a plea of guilty or nolo contendere ..." 18 Pa. C.S.A § 6102
[6] "[t]he or process of judicially finding someone guilty of a crime; the state of having been proved guilty." Black's Law Dictionary 408 (10th ed. 2014).
[7] "To prove or officially announce [a criminal defendant] guilty of a criminal offense upon a criminal trial, a plea of guilty, or a plea of nolo contendere (no contest)" Black's Law Dictionary 408 (10th ed. 2014).

7

6103

Lastly, the Court would draw attention to the uncontrolling fact that Appellant himself prepared and filed Pro Se Petitions Under the Post-Conviction Relief Act 42 Pa.C.S. § 9541, et seq. *See* Pro Se Petition Under the Post-Conviction Relief Act 42 Pa.C.S. § 9541, et seq. under dates May 27, 2014, and July 22, 2014, respectively, *Commonwealth of Pennsylvania v. Colin Abbott,* Butler County Criminal Docket Number CR 2011. Again, it logically follows that one cannot file a Post-Conviction Petition for Relief unless a conviction has already been obtained. Said Petitions were drafted, signed, and filed by Appellant, Colin W. Abbott, as a Self-Represented Litigant in the underlying criminal proceedings. *Id.*

Appellant attempts to confuse the issues by citing the Pennsylvania Rule of Evidence[8] prohibiting the use of a *nolo contendere* plea in subsequent civil proceedings. *See* Page 7, Brief in Support of Colin Abbott's Motion for Summary Judgment. However, the definition of conviction, and applicability of the Slayer's Act are not evidentiary issues, but questions of law and application. Furthermore, because the plea and the conviction which resulted from it are separate and distinct from one another, it is not the consideration or entry into evidence of the plea that is at issue, it is whether the subsequent sentence on said plea satisfies the undefined term "conviction" in the Slayer's Act.

Thus, it was this Court's determination that based on the undisputed facts[9], and controlling law, Appellee, Kathleen F. Neal, Executrix of the Estate of Kenneth C. Abbott, was entitled to judgment as a matter of law. Appellant, Colin W. Abbott, was adjudicated a slayer within the meaning of the Pennsylvania Slayer's Act, to be treated as though he has predeceased the Decedent, Kenneth C. Abbott, with respect to any property or benefit

---

[8] "In a civil or criminal case, evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussion: (2) a nolo contendere plea ..." Pa.R.E. 410(a)(2).
[9] That Colin W. Abbott is a named beneficiary of The Last Will and Testament of the Decedent, Kenneth C. Abbott, and that as a result of two pleas of *nolo contendere* to Third-Degree Murder for the unlawful killing of Kenneth C. Abbott and Celeste M. Abbot, Colin W. Abbott, was sentenced to a term of imprisonment no less than thirty-five (35) years, but no more than eighty (80) years, in a Pennsylvania State Correctional Institution.

conveyed to Colin W. Abbott via the provisions of The Last Will and Testament of the

Decedent, Kenneth C. Abbott, under date of April 21, 2010.

Respectfully submitted,

S. Michael Yeager
Judge

NOTICE OF ENTRY OF ORDER/DECREE PURSUANT TO
PA. R.C.P. NO. 236

NOTIFICATION

THIS DOCUMENT HAS OFFICIALLY BEEN
ENTERED IN THIS CASE BY THE BUTLER
COUNTY CLERK OF ORPHANS' COURT ON
8.14.15



2015 AUG 14 PM 2:31

JUDITH HOSER, M.S.
REGISTER OF WILLS &
CLERK OF ORPHANS' COURT
BUTLER COUNTY, PA

RECEIVED

9

6105